EMILY F. CURRIER *vs.* BOSTON MUSIC HALL ASSOCIATION.

Suffolk.    March 6. — Sept. 8, 1883.    DEVENS & W. ALLEN, JJ., absent.

The proprietor of a hall to which the public is invited is bound to use ordinary care and diligence to put and keep the hall in a reasonably safe condition for persons attending in pursuance of such invitation; and if he neglects his duty in this respect, so that the hall is in fact unsafe, his knowledge or ignorance of the defect is immaterial.

TORT for personal injuries received by the plaintiff while in the defendant's hall, on October 8, 1879. Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions in substance as follows:

The plaintiff introduced evidence tending to show that, while using ordinary care in passing along one of the alleys in the

gallery of said hall, being a spectator at a public meeting advertised and held in the hall, there was a depression in the alley, into which she stepped and fell, and received the injuries complained of; that the hall was insufficiently lighted at the time of the accident, so that she could not see said depression, or step-down, and save herself therefrom; and that she had no notice thereof.

The defendant offered evidence tending to show that the hall was properly and safely constructed in the part where the plaintiff was injured; and for that purpose called an architect, who was permitted by the court to give, as an expert, his opinion as to whether the hall was properly constructed in that regard at the time it was built and at the time of the accident.

The defendant also offered evidence tending to show that the hall was constructed for the defendant about twenty-nine years ago; and that the construction in that particular had not been altered or changed during that time.

The defendant also called as a witness the architect who built the hall; and he was allowed to testify that he built it properly at the time it was built, and "he did not know how to build it any better now."

It was also in evidence, and not in dispute, that the defendant had owned and lighted the hall as a place of public meeting ever since its construction; and that the lighting of the hall was under the defendant's charge and control.

The judge instructed the jury as follows: " The plaintiff must satisfy the jury, in order to recover, that the defendant has been wanting in ordinary care in the construction of this gallery, as to its planes, steps, or levels, and their relation to each other, and that the defendant knew that the construction was faulty or defective. If the superintendent of the Music Hall, in the employ of the defendant, knew all about the hall and its construction, and was there present in charge that evening, in view of the premises and the lights, as the evidence tended to show, that is sufficient knowledge to render the defendant liable. The defendant was not bound, in regard to the construction of the hall and gallery, to have the very best mode of construction known to the mechanic arts at this period of time. It is sufficient, in the matter of construction, if the construction conforms

in its methods to methods now approved as good and safe by the best mechanics and architects."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*W. B. French,* for the plaintiff, cited *Barnes* v. *Ward,* 9 C. B. 392; *Hounsell* v. *Smyth,* 7 C. B. (N. S.) 731; *Corby* v. *Hill,* 4 C. B. (N. S.) 556; *Chapman* v. *Rothwell,* El., Bl. & El. 168; *Scott* v. *London Docks,* 11 L. T. (N. S.) 383; *Wendell* v. *Baxter,* 12 Gray, 494; *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368; *Pittsburgh* v. *Grier,* 22 Penn. St. 54.

*R. D. Smith & G. H. Lyman,* for the defendant, cited *Welfare* v. *London & Brighton Railway,* L. R. 4 Q. B. 693; *Brazier* v. *Polytechnic Inst.* 1 F. & F. 507; *Pike* v. *Polytechnic Inst.* 1 F. & F. 712; *Boyle* v. *Mowry,* 122 Mass. 251.

C. ALLEN, J.   The true question to be determined in this case was whether the defendant had failed to exercise ordinary care and diligence to put and keep the Music Hall in a reasonably safe condition for persons coming there under the circumstances stated.   The first portion of the instruction given substantially covered this issue.   If the defendant had been guilty of negligence in this respect, in consequence of which the hall was in an unsafe condition on the evening when the plaintiff received her injury, its knowledge or ignorance of the defect was immaterial; and the additional instruction that the plaintiff must satisfy the jury, in order to recover, " that the defendant knew that the construction was faulty or defective," cannot be supported as a rule of law applicable to the case.   See cases cited by the plaintiff, and *Francis* v. *Cockrell,* L. R. 5 Q. B. 501, 508.

The defendant, however, contends that the error, if any, was cured by the further instruction, that " if the superintendent of the Music Hall, in the employ of the defendant, knew all about the hall and its construction, and was there present in charge that evening, in view of the premises and the lights, as the evidence tended to show, that is sufficient knowledge to render the defendant liable."   Our difficulty in coming to this conclusion is, that the defendant's knowledge was treated as a material fact, to be determined by the jury under the instructions.   The statement that the evidence tended to show facts sufficient to charge the defendant with knowledge, is not equivalent to saying that the

evidence was uncontradicted, or the facts conceded. If the jury had been told that the facts referred to were admitted to be true by the defendant, or that the evidence tending to establish them was uncontradicted, and that no question was raised by the defendant as to this part of the case, so that it might safely be assumed that the defendant had knowledge of the actual condition of the hall, and if these statements were allowed to pass without question by the defendant, this would be sufficient to show that the erroneous instruction did no harm. The facts that the hall was built for the defendant corporation twenty-nine years ago, that the construction in regard to the alleged defect complained of has not been changed during that time, that the defendant had owned and lighted it as a place of public meeting ever since its construction, and that the lighting of it was under the defendant's charge and control, might well have warranted the jury in finding that the defendant, as a corporation, was chargeable with knowledge of the actual condition of the hall, in respect to the matter in controversy; but these facts were not referred to in the portion of the instructions which are before us. So far as we can see, from the bill of exceptions, by which alone we must be governed, the question of the defendant's knowledge was treated as a material one; the jury were instructed that the plaintiff must prove the existence of such knowledge, and they were left free to determine the question one way or the other. We cannot clearly see, although we may surmise, that they were not misled.

Since, for the above reasons, the exceptions must be sustained, we do not enter upon a consideration of the further question, raised by the plaintiff, whether the ruling, that it would be sufficient if the construction conformed in its methods to methods now approved as good and safe by the best mechanics and architects, had the effect to withdraw the question of reasonable safety and fitness from the jury, and to substitute the opinions of experts. *Exceptions sustained.*