[Birmingham Railway, Light & Power Co. v. Humphries.]

# Birmingham Railway, Light & Power Co. *v.* Humphries.

## *Damage for Injury to Wife.*

(Decided Feb. 2, 1911.  Rehearing denied May 5, 1911.
55 South. 307.)

1. *Damages; Evidence; Expense Incurred.*—Where the action was by a husband for injuries to his wife, the husband may introduce evidence as to the amount charged him by his physician for medical attention to his wife without showing first that the charge was reasonable.

2. *Same; Necessity for Payment or Liability.*—As an element for compensation for personal injuries one cannot recover the value of services performed in his behalf during disability where he has not paid for such services and is not liable therefor.

3. *Same; Liability of Plaintiff.*—In an action for injuries to the wife a husband cannot recover the value of medical services rendered his wife at the request of persons other than himself, notwithstanding a physician testified that it was his intent to charge same to plaintiff.

4. *Same; Reasonableness; Jury Question.*—The evidence examined and held to present a question for the jury as to the reasonableness of a physician's charge for services rendered to plaintiff's wife during her disability.

5. *Evidence; Intent or Motive of Witness.*—Where a physician had testified that he rendered medical services to plaintiff's wife at the request of a third person, it was improper to ask such physician whether the services were rendered on behalf of plaintiff or on behalf of such third person, since such question called for a statement of the motives or intention of the witness.

6. *Witnesses; Examination; Form of Question.*—Where the action was by the husband for personal injury to the wife, a question propounded to the wife, "What would be the reasonable cost for the hiring of a person to do the work which you did for your husband and family before you received your injuries?" was not subject to the objections that it called for an improper measure of damages, in that it was sought to be shown what the reasonable cost of hiring a person to do the work that plaintiff's wife did after her injury.

(Dowdell, C. J., and Mayfield, J., dissent in part.)

APPEAL from Birmingham City Court.
Heard before Hon. H. A. SHARPE.

[Birmingham Railway, Light & Power Co. v. Humphries.]

Action by W. L. Humphries against the Birmingham Railway Light & Power Co., for injuries to his wife while a passenger on the defendant's car. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The objections to testimony sufficiently appear from the opinion. The following charges were refused to the defendant: 2. If you believe the evidence, you cannot award the plaintiff any damages for services rendered by Miss Sarah Vines. 3. If you believe the evidence, you cannot award the plaintiff any damages for services rendered to his wife by Miss Laura Rickels after his wife's return from Talladega.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant. The court erred in overruling defendant's objection to the question as to what the physician's bill was. The measure of damages is the reasonable value of the services rendered.—*Central of Ga. R. R. Co. v. McNabb,* 150 Ala. 332. The proper way to raise this question is by objection to the evidence.— *B. Ry. L. & P. Co. v. Girard,* 51 South. 242. The court erred in refusing charge 3. The court erred in permitting the doctor to be asked if the services were rendered in behalf of Mrs. Humphries, or on behalf of our firm. —*Central of Ga. v. McNabb, supra.* The court erred in refusing charge 2.—Authorities, supra.

BOWMAN, HARSH & BEDDOW, for appellee. Counsel discuss the evidence objected to and the charges refused and insist that the court was not in error in either instance, and in support thereof cite *B. R. L. & P. Co. v. Girod,* 51 South. 242; *Emmerson v. Lowe Mnfg. Co.,* 49 South. 69; *W. U. Tel. Co. v. Benson,* 159 Ala. 274.

[Birmingham Railway, Light & Power Co. v. Humphries.]

SIMPSON, J.—This action is by the appellee against the appellant for injuries to the wife of the plaintiff, claimed to have been received while she was a passenger on the electric car of defendant.

The plaintiff, being on the stand as a witness, testified that he had employed Dr. Pressley, who attended his wife, but that he had not yet paid him. He was asked: "What was his bill, if you know?" To this question the defendant objected, and the objection was overruled, and the defendant excepted. There was no error in this ruling. While it is true that the defendant is not liable for any more than the reasonable value of the services of a physician, yet neither is it liable for any more than has actually been paid or is due. So it is necessary to prove both, and both cannot be proved at once. The natural order is to prove what the charge is, and then prove whether or not it is reasonable. Mr. Sutherland, in his work on Damages, states that proof of the sum paid is some evidence of the value of the services rendered.—3 Suth. on Dam. (2d Ed.) p. 2674, § 1250. The remarks in the case of *Birmingham Railway, Light & Power Co. v. Girod,* 164 Ala. 10, 51 South. 245, second column, cannot bear the interpretation that it was improper to admit such proof before the value of the services were proven; for the opinion immediately states that "it was certainly proper for the jury to consider it, in connection with all other evidence, in determining what was the reasonable value or cost of such items."—164 Ala. 21, 51 South. 246.

In the case of *Central of Georgia Railway Company v. McNab,* 150 Ala. 340, 43 South. 222, this court said that it was proper to prove the reasonable value of the physician's services; "but, to authorize recovery under the averments of the complaint, it would be necessary that such reasonable sums were expended." For like

reasons, there was no error in overruling the objection to the question to the witness Humphries: "How much did you pay?"

The court did not err in refusing to give charge 3, requested by the defendant. The appellant's brief states the rule correctly that, "no matter how reasonable an amount might be, as compensation for services, yet, unless plaintiff paid or became liable therefor, he could not recover that item. * * * In other words, two things must concur, viz., reasonableness and payment, or liability to pay."

Miss Laura Rickels testifies that she did part of the housework while she was at plaintiff's house; that she charged him for it, and he paid her "along," she does not know exactly how much, but as much as $5; that "he has not agreed to pay me any more"; that she has not made any charges for nursing his wife; that he gave her some money, the amount not remembered, and she supposes he gave it for what she did out there.

The plaintiff testifies that her "sisters" stayed there and did the principal part of the work while she was sick. Her sister had to quit her other work, and she stayed there and did the work. "I paid her something for her services. We didn't have any stipulated agreement of any kind as to what I was to pay her. I told her when she came there I would pay her along whatever was right, and when she would need any money she would call on me, and I would let her have some occasionally. Sometimes she would want $1, $2, or $5, anything like that. I gave her that on account of her staying there and waiting on my wife and doing the work. I could not say just the amount I gave her in all—I suppose some $25 or $30, something like that. That is not payment in full for what she has done there."

Mrs. Humphries testifies that her sister practically stopped her other work to wait on her and do her house-work; that her husband has paid her some, but still owes her for doing work at the house; that the reasonable cost for the hiring of a person to do the work which she had done would be $20 or $25; also that Laura Rickels has been at her house several months, has had no other work to do besides what she has been doing at plaintiff's house, and has been with her.

While this evidence is by no means as clear and definite as it should be, as to what was the reasonable value of the work done by Laura Rickels, nor as to what she did do, as sometimes the witness refers merely to "sisters," and sometimes to "sister," without stating which one, yet the testimony of plaintiff shows that he paid Laura Rickels $25 or $30 for her services, and there is enough testimony from which the jury could infer whether or not that was reasonable, and under the testimony of plaintiff part or all of that may have been paid for work done after Mrs. Humphries returned from Talladega. Consequently the court could not say that the plaintiff was not entitled to recover anything for certain services rendered by Laura Rickels after Mrs. Humphries returned from Talladega.

The witness Dr. Whelan had testified that he had been called to the courthouse to see Mrs. Humphries, and treated her; that he was called by Messrs. Bowman, Harsh & Beddow; that he charged the item to said firm; that they agreed to pay him themselves; that the plaintiff asked him for his bill, and he told him he would file it with Bowman, Harsh & Beddow; that he made no charge on his books against plaintiff; that he had a talk with plaintiff, and thinks he sent him a bill, but is not positive, and his recollection is he sent a bill to Bowman, Harsh & Beddow, in the name of plaintiff,.

though he had it charged on his books to Bowman, Harsh & Beddow. Subsequently he was asked by plaintiff's counsel, on redirect examination: "Was the services rendered in behalf of Mr. Humphries or on behalf of our firm?" To which the defendant objected, and the objection was overruled. In this the court erred.— *Arnold v. Cofer*, 135 Ala. 364, 33 South. 539.

In our case of *Western Union Telegraph Company v. Heathcoat*, 149 Ala. 623, 631, 43 South. 117, this court has drawn the distinction as to what is and what is not admissible along this line. The witness in that case was not allowed to state whether he delivered the message for the benefit of Movie Heathcoat, because it was a conclusion of the witness, while he was allowed to state whether he would have been able to go to Birmingham if he had received the telegram, because it was a shorthand rendering of the facts. In that case it was a fact within the knowledge of the witness whether he had the ability to go. In a later case a witness was allowed to testify that he would have gone to the burial, if he had received the telegram; the court stating: "It being necessary that such fact be proved, we fail to discern how it could be established otherwise than by the affirmative testimony of the person directly concerned."—*W. U. T. Co. v. Benson*, 159 Ala. 254, 274, 48 South. 712. This decision rests in part on the *Heathcoat Case, supra,* and two North Carolina cases, which seem to base the decision on the fact that the proof could not be made in any other way, and it was an essential fact in that case; one of the cases calling attention to the many facts and contingencies, such as ability to have the work done on Sunday, etc., which go to show whether the witness would have had the ability to go, etc.—*Bright v. W. U. Tel. Co.*, 132 N. C. 317, 43 S. E. 841, 844; *Hancock v. W. U. Tel. Co.*, 137 N. C. 497, 49 S. E. 952, 69 L. R. A. 403, 405.

[Birmingham Railway, Light & Power Co. v. Humphries.]

In the present case the facts were already before the jury, from which it was for them to decide whether or not the services were rendered to the plaintiff, so as to make a claim for which he was liable; and we hold that the witness should not have been allowed to testify as to his motive, purpose, or intention in rendering the services. In fact, his motive, purpose, or intention could not create a legal claim against the plaintiff, unless he had been otherwise bound. The testimony admitted in the case of *Emerson v. Lowe Manufacturing Company,* 159 Ala. 350, 49 South. 69, did not involve the mere intention with which the witness acted, but the fact whether or not the act was within the duties of his official position.

On this point a majority of the Justices, to wit, AN-DERSON, McCLELLAN, SAYRE, and SOMERVILLE, concur, but DOWDELL, C. J., and MAYFIELD, J., think the question called for a collective fact, and that the objection was properly overruled. On all other points, all concur.

The fifth assignment of error is to the overruling of the objection to the question to Mrs. Humphries: "Do you know what would be the reasonable cost for the hiring of a person to do the work you did for your husband and family before you received your injury?" The objection was that this question calls for improper measure of damages, and the criticism of it in the brief of appellant is that it called for the reasonable cost of hiring a person to do the work that Mrs. Humphries had done *after* the injury. The question is not subject to this criticism. The inquiry is plainly for what it would cost now to hire some one to do the work which Mrs. Humphries did before the injury. Besides, the question did not call for any measure of damages at all, but only for a fact, which, in connection with other

[Smith v. Watkins & Donelson.]

facts which might be proved, might be relevant in arriving at the proper measure of damages.

There was no error in the refusal to give charge 2, requested by the defendant. The evidence tended to show that said Sarah Vines had rendered services which were paid for.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, McCLELLAN, SAYRE, and SOMERVILLE, JJ., concur. DOWDELL, C. J., and MAYFIELD, J., dissent.