(112 So. 633)

## BIRMINGHAM AMUSEMENT CO. v. NORRIS. (6 Div. 519.)

Supreme Court of Alabama.    April 28, 1927.

**1. Theaters and shows ⬥⬥6—Instructions on duty of proprietor of place of amusement to keep place in reasonably safe condition held not erroneous.**

In action for injuries resulting from collapse of seat in moving picture theater, instructions to 'effect that proprietor had duty of keeping place in reasonably safe condition and was required to use reasonable care in inspecting place from time to time *held* not erroneous as in effect making defendant an insurer of patrons' safety.

**2. Theaters and shows ⬥⬥6—Theater proprietor impliedly undertakes that premises are reasonably safe.**

Where theater proprietor invites people on his premises and receives compensation for privilege of their entrance, or for their entertainment while there, he impliedly undertakes that premises are reasonably safe for purpose intended and for which they are accordingly used by his patrons.

**3. Theaters and shows ⬥⬥6—Theater proprietor's liability for injury to patron from defect open to observation or discoverable by investigation attaches as matter of law.**

Though theater proprietor is not insurer against accidents to patrons, his liability for injury resulting from some defect open to observation or discoverable by ordinary inspection attaches as a matter of law.

**4. Damages ⬥⬥177—Plaintiff, in action for injuries, held properly permitted to testify of amount of surgical and medical charges without contemporaneously offering testimony that charges were reasonable.**

In action for damages for injuries resulting in collapse of seat in moving picture theater,

plaintiff was properly permitted to testify as to surgical and medical charges for treatment of injuries, though bill had not been paid and testimony that such charges were reasonable was not contemporaneously presented, since admissibility of such evidence does not depend on prior proof of its reasonableness, though its effectiveness as a basis for compensation does so depend.

**5. Trial ⬥⬥145—If essential fact of issue involving distinct elements is not proved, affirmative instructions, if requested, should be given to that effect.**

Where issues involved distinct elements of fact, they may always be proved separately and unconditionally, and, if any essential fact is not proved, the issue is not proved, and affirmative instructions should be given to that effect if requested.

**6. Damages ⬥⬥101—Person incurring expense as result of another's wrong may recover only reasonable amount which he must prove.**

Where person has incurred expense as result of another's wrong, only so much is recoverable therefor as is a reasonable and proper amount under the circumstances, and person so claiming must show to jury what is reasonable and proper as necessary basis for their finding.

**7. Damages ⬥⬥216(9)—Charge denying recovery for any medical treatment held properly refused, where evidence showed some items were reasonable in amount.**

Where evidence in action for injuries showed that some items of charge for medical treatment were reasonable in amount, charge denying recovery for any medical treatment was properly denied, though evidence did not show that charge for surgical and medical attendance was reasonable or would have been reasonable.

**8. Theaters and shows ⬥⬥6—Constructive knowledge by proprietor of theater of defect in seat causing injury held sufficient to create liability.**

Actual knowledge of proprietor of moving picture theater of defect in seat causing injury to patron *held* not necessary to liability therefor, as constructive knowledge is equally effective.

**9. Trial ⬥⬥337—Verdict for plaintiff will not be set aside as contrary to law as charged, where instruction requiring verdict for defendant was inadvertently given.**

Where instruction in effect requiring jury to find for defendant was apparently given through inadvertence, in view of other instructions in general conflict therewith, and showing an intention to submit question to jury, verdict for plaintiff will not be set aside as contrary to law as charged by court.

**10. Trial ⬥⬥133(6)—Judge's statement to jury not to consider counsel's argument on question of damages held to remove any harm.**

Where counsel for plaintiff, in action for injuries resulting from collapse of seat in moving picture theater, improperly argued question of damages to jury, judge's statement to jury to not consider such argument after with-

drawing remark *held* sufficient to remove harm thereof, if any.

**11. Evidence ⬢�165553(2) — Hypothetical questions to expert must be based on statement of condition or state of facts corresponding with those in evidence.**

Hypothetical questions to expert witness must be based on hypothetical statement of that condition or state of facts which must correspond with facts in evidence or with one phase of such facts.

**12. Evidence ⬢�165548 — Opinion of expert with personal knowledge of subject may be given without detailing observations.**

Opinion or conclusion of an expert who has personal knowledge of subject of inquiry may be given to jury without detailing to jury all that he had observed.

**13. Evidence ⬢�165548—Questions propounded to physician, based on personal knowledge, held properly answerable without showing details of knowledge.**

In action for injuries resulting from collapse of seat in moving picture theater, question propounded to physician based on his knowledge of plaintiff's condition before injury was properly answerable without showing details of knowledge.

**14. Damages ⬢�165132(3)—$12,500 for injury to coccyx held excessive, and reduced to $7,500.**

Verdict of $12,500 for injury to coccyx, causing pain and physical disturbance, *held* excessive, and reduced to $7,500.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action for damages for personal injuries by Lula J. Norris against the Birmingham Amusement Company. From a judgment for plaintiff, defendant appeals. Affirmed conditionally.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Where it is necessary in order to recover for money paid for the services of a physician, to show that such sum was a reasonable charge, and there is a failure to show the reasonableness of the charge, then the objection on that specific ground is good Parisian Co. v. Williams, 203 Ala. 378, 83 So. 122; Walker v. Gunnels, 188 Ala. 206, 66 So. 45. Hypothetical questions must be based on facts in evidence, and the assumption of facts not in evidence and not disclosed to the jury renders the question improper; and where a physician gives his opinion, based upon his personal knowledge, such facts must first be stated by him. Jones on Ev. (2d Ed.) §§ 371, 375; Hamilton v. Cranford Mer. Co., 201 Ala. 403, 78 So. 401; Parrish v. State, 139 Ala. 16, 36 So. 1012; Zimmern v. Std. Motor Co., 205 Ala. 580, 88 So. 743. An argument as to what juries did in other cases is illegal. Cross v. State,

68 Ala. 476; Tuscaloosa v. Hill, 14 Ala. App. 541, 69 So. 486; Tenn. River Nav. Co. v. Walls, 209 Ala. 320, 96 So. 266. The duty required of the proprietor of a place of amusement is the exercise of reasonable care to keep his place in a reasonably safe condition. He is not an insurer of the safety of his patrons. 38 L. R. A. (N. S.) 72, note; 53 Ind. App. 69, 101 N. E. 102, 7 Neg. & Comp. Cas. 167; 38 Cyc. 209; Givens v. De Soto Bldg. Co., 156 La. 377, 100 So. 535. Where the verdict is contrary to the instructions of the court, whether correct statements of the law or not, on motion such verdict should be set aside. Fleming & Hines v. L. & N., 148 Ala. 527, 41 So. 683; Wolf v. Delage, 150 Ala. 445, 43 So. 856; Penticost v. Massey, 202 Ala. 681, 81 So. 637; Rentz v. Bridges, 177 Ala. 616, 59 So. 63; Standard Oil Co. v. Humphries, 205 Ala. 529, 88 So. 855.

Black & Harris and J. Potts Barnes, all of Birmingham, for appellee.

Those who maintain a place of public amusement, charging an admission fee, are under the duty to keep that place in a reasonably safe condition for those either expressly or impliedly invited thereon. West v. Thomas, 97 Ala. 622, 11 So. 768; Sloss Co. v. Tilson, 141 Ala. 152, 37 So. 427; Scoggins v. Atlantic & G. P. C. Co., 179 Ala. 213, 60 So. 175; Turlington v. Tampa Elec. Co., 62 Fla. 398, 56 So. 696, 38 L. R. A. (N. S.) 72, Ann. Cas. 1913D, 1213; Scott v. University, etc., 152 Mich. 684, 116 N. W. 624, 17 L. R. A. (N. S.) 234, 125 Am. St. Rep. 423, 15 Ann. Cas. 515; Schnizer v. Phillips, 108 App. Div. 17, 95 N. Y. S. 478; Weiner v. Scherer, 64 Misc. Rep. 82, 117 N. Y. S. 1008. In the question of charges for the services of a physician, the natural order of proof is for plaintiff first to show what the charge was, and then to show that such charge was reasonable. Evidence of the amount of the charge is conditionally admissible, before any evidence as to reasonableness vel non has been introduced. Defendant was required to make a motion to strike out such evidence at the end of the trial, if plaintiff had not introduced evidence to show the charge was reasonable. B. R., L. & P. Co. v. Humphries, 172 Ala. 495, 55 So. 307; Parisian Co. v. Williams, 203 Ala. 378, 83 So. 122; Flint, etc., Co. v. Beckett, 167 Ind. 491, 79 N. E. 503, 12 L. R. A. (N. S.) 924; State v. Smith, 129 Iowa, 709, 106 N. W. 187, 4 L. R. A. (N. S.) 539, 6 Ann. Cas. 1023; Withers v. Kemper, 25 Mont. 432, 65 P. 422. Where an expert witness has personal knowledge of the fact inquired about, it is not necessary that facts already introduced in evidence be hypothesized, in order to justify the expert opinion of the witness, nor that such facts be in evidence at all. 1 Wigmore on Evi.

1082; 4 Wigmore on Evi. 117; Brown v. Comm., 14 Bush (Ky.) 407; Wood v. State, 58 Miss. 743; B. & I. R. Co. v. Bailey, 11 Ohio St. 337; State v. Felter, 25 Iowa, 75. The statement in argument of counsel for plaintiff was not grossly improper. At any rate, the withdrawal by counsel and exclusion and suppression by the court would cure the error. Tenn. River Nav. Co. v. Walls, 209 Ala. 320.[1] Defendant cannot move the court to an erroneous instruction as to what is in evidence, and thereafter set aside a just verdict, because the verdict does not follow the inaccurate instruction. Parisian Co. v. Williams, 203 Ala. 378, 83 So. 122; Boyden v. Moore, 5 Mass. 365; Hanna v. Renfro, 32 Miss. 125; O'Neill v. Thomas Day Co., 152 Cal. 367, 92 P. 856, 14 Ann. Cas. 970; Tobler v. Pioneer M. & M. Co., 166 Ala. 482, 52 So. 86; B. R., L. & P. Co. v. Jung, 161 Ala. 461, 49 So. 434, 18 Ann. Cas. 557.

SOMERVILLE, J. The plaintiff, a woman weighing 196 pounds, attended a moving picture performance in defendant's theater, and was injured by the collapse of the seat of the chair in which she sat.

One of the more important questions in the case, arising out of the instructions given to the jury, is with respect to the duty of the defendant in the safeguarding of its patrons while they are in the theater and using it for the purpose for which it was intended, and for which their presence had been invited.

The instructions particularly objected to by defendant are these:

"(a) Now it is the duty of the proprietor of a place of amusement to keep such place in a reasonably safe condition for persons who enter at his invitation, and if one who has entered at his invitation is injured as a proximate result of his failure or neglect to keep such place in such reasonably safe condition, such failure or neglect, if any, will render him liable in damages to the person injured.

"(b) Those operating such places of amusement are under the duty to exercise reasonable and ordinary care to see that such place, and every part of it, including contrivances and fixtures, necessarily used in conducting such place, to see that such are kept in a reasonably safe condition.

"(c) Such persons are held to reasonable care in inspecting from time to time, and such inspection must be sufficiently frequent and thorough to determine the condition, and to insure a reasonably safe condition."

[1] When exceptions were taken to these portions of the oral charge, the trial judge made this explanation:

"Where I charge you that such persons are held to reasonable care in inspections from time to time, and such inspections must be sufficiently frequent and efficient enough to determine the condition, I want to say that such persons are held to reasonable care in making reasonable inspections, and at such reasonable intervals; and such inspections must be reasonable and reasonably sufficient and reasonably frequent and thorough enough to reasonably determine the conditions."

Exception was taken also to this explanatory charge. Defendant's insistence is that its duty was merely to exercise reasonable care to make and keep its premises and appurtenances reasonably safe for its patrons; and that instruction (a) in effect makes defendant an insurer of their safety.

Many authorities have stated the duty in the form contended for by defendant. Currier v. Boston Music Hall Ass'n, 135 Mass. 414; Schofield v. Wood, 170 Mass. 415, 49 N. E. 636; Turlington v. Tampa El. Co., 62 Fla. 398, 56 So. 696, 38 L. R. A. (N. S.) 72, Ann. Cas. 1913D, 1213; Cooley on Torts, 604, 607. In the note to Williams v. Mineral City Park Ass'n, 128 Iowa, 32, 102 N. W. 783, 1 L. R. A. (N. S.) 427, 111 Am. St. Rep. 184, 5 Ann. Cas. 924, 926, the editor deduces from the decisions the rule that "the proprietor is chargeable with reasonable care in providing suitable premises and maintaining them in a safe condition for the use of his guests," and that seems to be the doctrine of the principal case. See, also, in the note to Frye v. Omaha & C. B. St. R. Co., 106 Neb. 333, 183 N. W. 567, 22 A. L. R. 607, the editor says:

"The weight of authority is to the effect that the proprietor or manager of a place of amusement owes a duty to the public who are invited there, to exercise reasonable care to see that the premises are safe and are kept in a safe condition."

See, also, 26 R. C. L. 713, § 14; 38 Cyc. 268.

On the other hand, many high authorities declare that, when the proprietor of a place of amusement induces people to come upon his premises, "he thereby assumes an obligation that such premises are in a reasonably safe condition, so that persons there by his invitation shall not be injured by them or in their use for the purpose for which the invitation was extended." Freeman's note to Larkin v. Saltair Beach Co., 30 Utah 86, 83 P. 686, 3 L. R. A. (N. S.) 982, 116 Am. St. Rep. 818, 831, 8 Ann. Cas. 977; Hart v. Washington Park Club, 157 Ill. 9, 41 N. E. 620, 29 L. R. A. 492, 48 Am. St. Rep. 298, 300, 301; Scott v. Univ. of Mich. Athletic Ass'n, 152 Mich. 684, 116 N. W. 624, 17 L. R. A. (N. S.) 234, 125 Am. St. Rep. 423, 15 Ann. Cas. 515. In the last-named case, the court said:

"The managers of the grounds and stands occupied upon the occasion in question the position of proprietors of a public resort. Plaintiff was not a mere licensee and did not occupy the stand by mere invitation. Whether responsibility to the plaintiff is grounded, in the form of action instituted, upon a contract or upon a duty, it exists, if at all, because of an implied contract. The implied contract was that the stand was reasonably fit and proper for the use to which it was put; the duty was to see to it that it was in a fit and proper condition for such use. Neither plaintiff nor the public generally would be expected to examine the stand

---

[1] 96 So. 266.

and judge of its safety. This consideration, and the probable consequences of failure of the structure, imposed upon the responsible and profiting persons the duty of exercising a high degree of care to prevent disaster. They were not insurers of safety, they did not contract that there were no unknown defects, not discoverable by the use of reasonable means; but, having constructed the stand, they did contract that, except for such defects, it was safe."

Our own court does not appear to have dealt specifically with the case of a theater or other place of public amusement, but, on the general question of the duty of a proprietor who invites people upon his premises, it has been repeatedly declared that his duty is "to maintain such premises in a reasonably safe condition for the contemplated uses thereof, and the purpose for which the invitation was extended." Sloss Iron & Steel Co. v. Tilson, 141 Ala. 152, 160, 37 So. 427, citing 21 A. & E. Ency. Law (2d Ed.) 471; Montgomery & E. Ry. Co. v. Thompson, 77 Ala. 448, 457, 54 Am. Rep. 72; West v. Thomas, 97 Ala. 622, 625, 11 So. 768; Dallas Mfg. Co. v. Townes, 148 Ala. 146, 152, 41 So. 988; Southern R. Co. v. Bates, 194 Ala. 85, 69 So. 131, L. R. A. 1916A, 510.

[2] There is, we think, a substantial difference in the operation and legal effect of the two rules as thus above formulated. Without undertaking a general discussion of their relative merits, we think that, where the proprietor invites people upon his premises, and receives compensation for the privilege of their entrance, or for their entertainment while there, he impliedly undertakes that the premises are reasonably safe for the purpose intended, and for which they are accordingly used by his patrons.

[3] This does not mean that the proprietor is an insurer against accidents to patrons resulting from their own missteps or disabilities, and not primarily from the unsafe condition of the premises or their appurtenances, nor against injuries resulting from invisible defects therein, not open to observation, nor discoverable by ordinary inspection. This is the sound doctrine declared in Scott v. Univ. of Mich. Athletic Ass'n, 152 Mich. 684, 116 N. W. 624, 17 L. R. A. (N. S.) 234, 125 Am. St. Rep. 423, 15 Ann. Cas. 515, as shown by the excerpt from the opinion, supra. But, where the causating defect was open to observation, or discoverable by ordinary inspection, liability for the injury attaches as a matter of law. It is not sufficient in such cases to say that the proprietor must-make reasonable inspections, or exercise due care to discover, since his duty is to discover and to know.

In the light of these principles we conclude that the instructions complained of were not erroneous, if, indeed, they were not too favorable to defendant.

In the consideration of this question we have not overlooked the decisions of this court holding that a master's duty to his employés is no more than the exercise of due care to provide for them a reasonably safe place in which to work. Langhorne v. Simington, 188 Ala. 337, 66 So. 85; Merriweather v. Sayre, etc., Co., 161 Ala. 441, 49 So. 916. But the relation of the parties there is different, and does not demand, either in principle or policy, the same degree of care as in the case of the amusement proprietor.

[4] The trial court did not err in allowing plaintiff to testify that the surgical and medical charges for the treatment of her injury amounted to $500, though she had not paid the bill presented therefor, and though she did not contemporaneously offer testimony that those charges were reasonable. "While it is true that the defendant is not liable for any more than the reasonable value of the services of a physician, yet neither is it liable for any more than has actually been paid or is due. So it is necessary to prove both, and both cannot be proved at once. The natural order is to prove what the charge is, and then prove whether or not it is reasonable." Birmingham R. L. & P. Co. v. Humphries, 172 Ala. 495, 497, 55 So. 307, 308. The amount of the charge and of the liability incurred is not prima facie illegal or irrelevant, and its admissibility does not depend upon prior proof of its reasonableness, though its effectiveness as a basis for compensation does so depend. It is directly and visibly within the issue, and does not fall within the rule that, when proffered evidence is prima facie illegal or irrelevant, it is not admissible unless its proponent should then state, and offer to seasonably prove, some other fact which would render it legal and relevant. That doctrine was clearly expounded in Shields v. Henry, 31 Ala. 535, and was also discussed and applied in Wiswall v. Ross, 4 Port. 321, 330, and McGehee v. Mahone, 37 Ala. 258, 264; and the applications of the rule in those cases show very clearly that it is without application here. See, in accord, Little v. Thomas, 204 Ala. 66 (3), 85 So. 490.

The case of Walker v. Gunnels, 188 Ala. 206, 209, 66 So. 45, is in conflict with the foregoing view, and also with the case of B. R. L. & P. Co. v. Humphries, 172 Ala. 495, 497, 55 So. 307, and will, as to that point, be overruled.

[5] Where the issue involves distinct elements of fact, they may always be proved separately and unconditionally; and, if any essential fact is not proved, of course the issue is not proved, and an affirmative instruction ought to be given to that effect, if requested.

[6] In every case where a party has incurred expense as the result of another's wrong, only so much is recoverable therefor as is a reasonable and proper amount under the circumstances. Manifestly, the party so claiming must show to the jury what is reasonable and proper, as a necessary basis for their finding. If the subject be a matter of

common knowledge, and the nature of the charge or expense be before the jury, the sum paid may serve as some evidence of reasonable value in the absence of evidence to the contrary. B. R. L. & P. Co. v. Humphries, 172 Ala. 495, 497, 55 So. 307, citing 3 Suth. on Damages (2d Ed.) 2674. Otherwise, there being no evidence to show what is a reasonable amount, the defendant must either move for the exclusion of the testimony as to payment or liability to pay, at the close of the evidence, or he must ask for an affirmative instruction against recovery in that behalf, as in other cases of failure of proof.

[7] In the instant case, what would be a reasonable and proper charge for the surgical and medical attendance had by plaintiff was not a matter of common knowledge, but was clearly a matter for expert opinion. There being nothing in the evidence to show that the charge made was reasonable, or to show what would have been reasonable, there was no proper basis for a finding by the jury in allowance of the claims; but defendant asked no instruction properly limiting the denial of recovery to the charge of Dr. Torrance, and the charge denying recovery for any medical treatment—some items of which had been shown to be reasonable in amount—were properly refused.

[8] Defendant insists that there was no evidence tending to show that it had any knowledge of the defective condition of this seat before it fell down with plaintiff, and hence that the trial judge erred in refusing to instruct the jury that, under the evidence, they "could not find that the defendant or any of its employés had any knowledge, prior to the accident complained of, that the seat in which she was sitting at the time of the accident was defective." This charge had a tendency to mislead the jury as to the real issue in the case. In law there are two kinds of knowledge, actual and constructive. The evidence clearly permitted a finding of defendant's constructive knowledge of the defect, because it showed that the nut or slug which supported the seat and held it in place was very loose, and must have been loose for some time before the accident, and that that condition was visible and readily discoverable by an ordinary inspection of the seat. Actual knowledge of the defect was not necessary to defendant's liability for the resulting injury. Constructive knowledge was equally effective, and the instruction, if proper at all, should have been predicated on "actual knowledge." As framed, the jury might well have misapplied it to "constructive knowledge" also, in which aspect it was plainly erroneous.

Upon this consideration, this charge, and another of similar import, were refused without error.

Charges F, 16, 17, 21, and 22, given at defendant's request, instructed the jury substantially that, unless the defect in the seat had existed for such a length of time as to charge defendant, in the exercise of reasonable care, with knowledge of its existence, defendant would not be liable.

Charge 20, also given at defendant's request, instructed the jury:

"That there is no evidence in this case to show that the alleged defect in the seat upon which plaintiff sat, and which plaintiff claims caused her injuries, had existed for such a length of time as to charge the defendant or some of its agents or employés in the exercise of reasonable care with a knowledge of its defective condition."

Defendant's given charges 12 and 13 instructed the jury, respectively, that the mere fact of the accident did not make out a case, and that defendant was not an insurer of plaintiff's safety.

Although the trial judge refused to give the general affirmative charge for defendant in specific terms, yet the giving of charge 20, in connection with the others above referred to, was, in clear, logical, and legal effect, an instruction to the jury that they must find for the defendant.

Defendant's contention is that the failure of the jury to find according to these instructions requires that the verdict be set aside on this ground, aptly stated in its motion for a new trial, citing Fleming v. L. & N. R. R. Co., 148 Ala. 527, 41 So. 683; Wolf v. De Lange, 150 Ala. 445, 43 So. 856; Rentz v. Bridges, 177 Ala. 616, 59 So. 63; Penticost v. Massey, 202 Ala. 681, 81 So. 637; Standard Oil Co. v. Humphries, 205 Ala. 529, 88 So. 855. Plaintiff's insistence, on the other hand, is that charge 20 was, in view of the evidence on that issue, a usurpation of the function of the jury, and was erroneous and improperly given, and that, where a party's counsel have led the court into such an error—the determination of an issue of fact which was properly and exclusively for the jury to determine—that party cannot be heard to deny the propriety of a verdict which is well supported by the evidence, notwithstanding the erroneous charge to the contrary. In support of this view, counsel for plaintiff cite the cases of Tally v. Whitlock, 199 Ala. 28, 73 So. 976, and Parisian Co. v. Williams, 203 Ala. 378, 385, 83 So. 122.

The principle of all of these cases is that a plain instruction from the trial judge must be followed by the jury, whether it be right or wrong, and, if wrong, the remedy of the injured party is by motion for new trial. But, if there is also given any conflicting instruction which would authorize the verdict rendered, the verdict will not be set aside for that it disobeys some of the other given instructions.

[9] Charge 20, which defendant conceives to have bound the jury to render a verdict for defendant, was not specifically contradicted by any other instruction given to the jury. But it is in sharp conflict with the oral charge, which expressly submitted to the jury

the question of defendant's negligence "in failing to keep this theater and its fixtures in a reasonably safe condition," under the evidence before them. It is in general conflict, also, with the entire spirit and structure of the oral charge, and some of the written charges given at defendant's request, which showed an intention to submit the question of negligence to the decision of the jury. Charge 20, on the effect of the evidence merely, was erroneously given, and must have been given by sheer inadvertence. In view of the other instructions given, the verdict will not be set aside as "contrary to the law as charged by the court."

[10] Counsel for plaintiff, in arguing to the jury the question of damages, said:

"If you think that this is a case for any small verdict, then you don't have the ideas that I have met with in the jurors of Jefferson county."

On objection by defendant's counsel, the remark was withdrawn, and the trial judge thereupon said to the jury:

"You will not consider that argument of counsel in regard to the action of jurors. It is an improper argument, not to be considered by you in this case at all."

This was sufficient to remove the harm of the argument, if any, and a new trial should not be granted therefor. Tenn. River Nav. Co. v. Walls, 209 Ala. 320, 96 So. 266, and cases therein cited.

[11, 12] Hypothetical questions—meaning questions designed to elicit the opinion of an expert witness on a given condition or state of facts of which he has no personal knowledge—must of course be based upon a hypothetical statement of that condition or state of facts, which must correspond with the facts in evidence, or with one phase of such facts. Parrish v. State, 139 Ala. 16, 43, 36 So. 1012. But this rule has no application to questions calling for the opinion or conclusion of an expert who has personal knowledge of the subject of the inquiry. If the witness is shown to have such knowledge, he may give his opinion thereon without detailing to the jury all that he has observed. Southern R. Co. v. Hobbs, 151 Ala. 335 (10), 350, 43 So. 844; Heninburg v. State, 153 Ala. 13, 17, 45 So. 246; Rohn v. State, 186 Ala. 5, 65 So. 42; Rash v. State, 61 Ala. 89, 92; Bush v. Jackson, 24 Ala. 273, 274; Johnson v. State, 35 Ala. 370, 373, 378; Central of Ga. R. Co. v. Gross, 192 Ala. 354 (11), 68 So. 291. The value of the opinion may of course be tested on cross-examination by eliciting the facts and appearances upon which it is based. As stated by Prof. Wigmore:

"There is no principle and no orthodox practice which requires a witness having personal observation to state in advance his observed data before he states his inferences from them; all that needs to appear in advance is that he had an opportunity to observe and did observe." 4 Wigm. on Evidence, 117, § 1922.

In the case of nonexpert witnesses, there are some qualifications of the rule just quoted which are not here relevant.

[13] The questions propounded to Dr. Vance were not hypothetical questions, and, being based on what he knew of plaintiff's condition before her alleged injury, they were properly answerable without first showing the details of his knowledge.

Plaintiff's evidence tends to show that, as a result of the accident in defendant's theater, she suffered an injury to her coccyx—the bone at the tip end of her spine—from which she suffered great pain and physical disturbance; that, following an X-ray examination which disclosed an abnormal deviation of the coccyx, plaintiff was operated on by Dr. Torrance, and the bone was removed. She was then regularly treated by Dr. Vance, who testified:

"This operation was successful, so far as the removal of it [the bone] is concerned. We didn't have this trouble with the muscles of the rectum [as had been feared]. We took the little piece of bone out and relieved the pressure. So far as the removal of it is concerned, yes, sir [it was successful]; but, so far as the results of the operation are concerned, I don't know. I think the chance is she would improve as time goes on. She has improved some since the operation. That is my professional judgment. She has been, I believe, relieved of the intense pain she had. She still suffers at times yet. If she gets constipated, she has a very severe pain."

[14] We have examined with great care all of the evidence, especially that relating to the extent of plaintiff's alleged disability, and the probability vel non of its permanence, and our judgment is that the verdict for $12,500 is palpably excessive. All things duly considered, we think that $7,500 would be a liberal compensation for plaintiff's injuries and expenses; and it is therefore ordered that, unless plaintiff files with the clerk of this court a remittitur of the excess of $5,000 within 30 days hereafter, the judgment will be reversed and the cause remanded for another trial. If, however, such a remittitur be duly entered, the judgment, as thus reduced, will be affirmed.

Affirmed conditionally.

All the Justices concur.