164 So. 737

APLIN v. DEAN.

I Div. 899.

Supreme Court of Alabama.
Dec. 19, 1935.

W. C. Dorn and Gordon, Edington & Leigh, all of Mobile, for appellant.

Beebe & Hall, of Bay Minette, for appellee.

KNIGHT, Justice.

Action by N. W. Dean, appellee here, to recover damages for personal injuries sustained by him in a collision between a truck driven by the defendant, appellant, and a truck driven by one Jack Phillips, and in which last-named truck the plaintiff was riding as a passenger.

The accident occurred at or near Stockton, in Baldwin county, on November 28, 1934, at an early hour in the morning. The complaint avers that the accident occurred "on the Bay-Minette-Tensaw public road, at a place about one-half mile north of Stockton post office."

We call attention to this averment of the complaint, for the reason that the defendant requested the general affirmative charge, predicated, as here insisted, upon the failure of plaintiff to prove that the road upon which the accident occurred was one of the public highways of the state, or that it was, in fact, the Bay-Minette-Tensaw public road. It will be noted, however, that, if there was any variance between the averment of the complaint, in this regard, and the proof submitted, no such variance was suggested to the trial court so far as the bill of exceptions discloses. That the accident occurred upon a public highway in Baldwin county the evidence leaves no room to doubt. That it occurred within a very short distance of Stockton is also shown by the evidence. One witness, W. M. Richardson, described the road as the main Stockton-Tensaw highway, and it ran by or through Stockton to Bay-Minette.

The evidence tended to show that the collision was the result of negligence on the part of the defendant, and also to show that the driver of the car, in which plaintiff was riding, was also negligent in handling his car just at the time of, or immediately preceding, the accident, and finally that the collision was the result of the combined negligence of the two drivers. That if the driver of the car in which plaintiff was riding was guilty of any negligence, that such negligence concurred and coalesced with the negligence of defendant and the negligence of the two drivers thus

concurring at the same moment of time proximately caused plaintiff's injury. The evidence was such that the jury was warranted in drawing the above conclusion.

That the plaintiff was a guest only in the Phillips' car is not controverted.

■ It is first insisted that the court committed error to reversal in sustaining plaintiff's demurrer to defendant's pleas of contributory negligence numbered 2, 3, and 5. This contention cannot be sustained for more than one reason. First, there is no judgment entry sustaining the demurrers. All that the record shows with reference to any action of the court on these pleas is what purports to be "a docket entry." We quote this in full: "*Docket sheet. The docket sheet in the above styled cause shows the following entry: to-wit: 2/28/23. Demurrer to complaint overruled. Demurrers sustained to pleas 2 and 3 and 5. Overruled as to plea 4.*" This is not a judgment of the court upon the demurrer, but a mere direction to the clerk to enter the proper judgment, which was not done.

■ In the next place, the defendant, under plea 4, had the full benefit of all matters of defense available to him under pleas 2, 3, and 5.

■ There is no merit in defendant's eighth assignment of error. The evidence was sufficient to authorize the jury to find that the accident occurred upon a public highway in Baldwin county, within a half mile of Stockton; that this public highway ran through Stockton to Bay-Minette. One of the witnesses called it the Stockton-Tensaw highway. At most, the omission of proof, in this respect, presented only a question of variance, capable of being supplied by further evidence identifying the highway. The variance, if any in fact, was not called to the trial court's attention, and the court will not be put in error for refusing to give the general affirmative charge for defendant based upon this supposed variance. Rule 35.

■ Charge 6, requested by the defendant, was refused without error. If for no other reason, the charge was fully covered by the court in its oral charge to the jury.

■ The general rule is that it is no defense, in actions for injuries resulting from negligence, that the negligence of third persons contributed to cause the injury to the plaintiff, if the negligence of the defendant was an efficient cause, without which the injury would not have occurred. Stated differently, where a defendant is guilty of negligence, which causes an injury, and the plaintiff is free from negligence contributing thereto, the fact that the negligence of a third person also contributed does not relieve the defendant from liability for his negligence. 22 R.C.L. § 16, pp. 128, 129.

■ Causes are concurrent when they act contemporaneously to produce a given result. Pollard v. Oklahoma City R. Co., 36 Okl. 96, 128 P. 300, Ann.Cas. 1915A, 140; Herr v. City of Lebanon, 149 Pa. 222, 24 A. 207, 16 L.R.A. 106, 34 Am.St.Rep. 603.

■ We fully recognize the rule stated in Garrett v. Louisville & Nashville R. R. Co., 196 Ala. 52, 71 So. 685, 686, that: "The law, in its practical administration in cases of this kind, regards only proximate or immediate, and not remote, causes, and, in ascertaining which is proximate and which remote, refuses to indulge in metaphysical niceties. Where, in the sequence of events between the original default and the final mischief, *an entirely independent and unrelated cause* intervenes, and is of itself sufficient to stand as the cause of the mischief, the second cause is ordinarily regarded as the proximate cause and the other as the remote cause." Atchison, etc., Ry. Co. v. Calhoun, 213 U.S. 1, 29 S.Ct. 321, 53 L.Ed. 671; Milwaukee, etc., R. Co. v. Kellogg, 94 U.S. 469, 24 L.Ed. 256.

■ But it seems to be firmly settled in this jurisdiction that if one is guilty of negligence and this negligence concurred or coalesced with the negligence of another, and the two combine to produce a given result, each is liable for the damages, and the negligence of each will be deemed the proximate cause of the injury producing the damages. Alabama Power Co. v. Bass, 218 Ala. 586, 119 So. 625, 63 A.L.R. 1; Eaton v. Boston, etc., R. Co., 11 Allen (Mass.) 500, 87 Am.Dec. 730; Hood & Wheeler Furniture Co. v. Royal, 200 Ala. 607, 76 So. 965.

In such a case the intervener does not act as a "nonconductor and insulates the negligence" of the first actor, as is the case where two distinct, successive causes, unrelated in operation, have contributed to some extent to an injury.

■ Under the evidence it was open to the jury to find that the negligence of the

defendant and of the driver of the car, in which plaintiff. was riding, if in fact the latter was guilty of any negligence, combined and coalesced at the moment of time when the injury occurred, and this conjoint negligence, continuously operative, proximately caused plaintiff's injury.

Therefore, it would follow that defendant was not entitled to have the jury instructed in the terms of any of its refused charges 7, 8, 9, 10, 11, and 14.

Charge E was refused without error. This charge not only singles out facts, but is invasive of the province of the jury.

There was no error in permitting the plaintiff to prove the amount of the hospital bill. However, before the jury could award him any amount to cover this expenditure, the plaintiff had to show that the bill or charge was reasonable. The plaintiff could not prove both the charge and the reasonableness of the same at one and the same time. True he must prove both. The natural order is to prove what the charge was, and then prove whether or not it was reasonable. If, after proving the amount of the charge, the plaintiff should fail to offer any evidence tending to show hospitalization was necessary, and the charge to be reasonable, the defendant should either move for the exclusion of the testimony as to the charge or bill, at the close of the evidence, or should ask for an affirmative instruction against recovery in that behalf, as in other cases of failure of proof. Birmingham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633, 53 A.L.R. 840; Birmingham Ry., Light & P. Co. v. Humphries, 172 Ala. 495, 55 So. 307.

The complaint claimed, by way of special damages, that plaintiff was caused "to incur doctor and hospital bills, and other expenses." By proper proof plaintiff could recover such reasonable sums as he was caused to incur for such services, but there is no hint in the complaint that he would seek to recover for physician's services in the future.

Therefore, it is our opinion the court committed reversible error in overruling the defendant's objection to the following question propounded by the plaintiff to Dr. Frazer: "What do you consider a reasonable charge for services in attending him from now until there is a recovery as much as it is possible for him to recover, charges of necessary treatment." Central of Georgia Ry. Co. v. McNab, 150 Ala. 332, 43 So. 222; Birmingham Ry., Light & P. Co. v. Humphries, supra.

To this question the witness answered: "About $150.00. Of course, if I have to make trips like this often it will be more."

Whether, in any event, plaintiff would be allowed to recover for amounts that might be incurred in doctor's bills after the trial, we need not now determine.

We are also of the opinion that the court committed error in overruling defendant's objection. to the following question asked plaintiff by his counsel: "About what was your income from your farming and turpentine operations per year before the accident?" This was not the proper way to prove loss of earning capacity, or what that loss amounted to in dollars and cents.

Nor can we see upon what theory of the case an answer to the following question could have been admissible: "What is the condition of your business?"

Inasmuch as the cause must be reversed for the errors pointed out, it is unnecessary to pass upon the defendant's motion for a new trial.

For the errors pointed out the judgment must be reversed and the cause remanded.

Reversed and remanded.

THOMAS, BOULDIN, and BROWN, JJ., concur.