173 So. 61

**BRITLING CAFETERIA CO., Inc., v. SHOTTS.**

**6 Div. 89.**

Supreme Court of Alabama.

March 11, 1937.

B. F. Smith and Wm. A. Jacobs, both of Birmingham, for appellant.

R. D. Coffman, of Birmingham, for appellee.

GARDNER, Justice.

Action for damages, for assault and battery, with judgment for plaintiff, from which defendant prosecutes this appeal.

Plaintiff's evidence tends to show that without justifiable cause he was assaulted in defendant's place of business by its president and manager; while defendant's proof was to the contrary, and to the effect that plaintiff made himself objectionable about the collection of accounts from defendant's employee, became the aggressor, and no more force was used than necessary.

There were no complicated questions of law or fact, and no criticism is offered of the oral charge of the court which embraced all essential and applicable legal principles. Nor is it seriously insisted the verdict should be disturbed as contrary to the great weight of the evidence, nor that the damages awarded were excessive.

Nothing of a prejudicial character occurred on the trial, which appears to have been very fairly conducted. The case has been submitted to a jury on three separate occasions. Nothing on the former appeal (Britling Cafeteria Co. v. Shotts, 230 Ala. 597, 162 So. 378) is of interest on this appeal.

What was said by plaintiff on the occasion here involved to Holcomb, defendant's president, was in sharp dispute, and it is quite obvious plaintiff was properly permitted to testify what statement he made and the first assignment of error is without merit. The second assignment is of like tenor. But to separately treat in categorical fashion each assignment would extend this opinion beyond what the merits of the case demand.

Some assignments have reference to the action of the court in permitting some leading or suggestive questions, which play but small part in the substantial consideration of the cause, and in declining to permit defendant to reopen the case with additional testimony after defendant had closed, and with no sufficient reason as viewed by the trial judge. All of these were matters resting largely in the discretion of the trial court, and that no abuse has been shown is too clear for discussion.

The situation here presented bears no analogy whatever to that considered in Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389, to which defendant refers, and that authority is therefore here inapplicable.

Another assignment deals with the refusal of defendant's charge seeking to eliminate as an element of damage a $6 doctor's bill, the argument for which is based upon the theory there was no proof it was a reasonable sum, citing Birmingham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633, 53 A.L.R. 840. There was no objection to the proof that the doctor presented this bill to plaintiff, testified what was done on the two visits, and that plaintiff paid the bill. This treatment was of so ordinary a nature that it required no expert testimony to discern that the charge was not excessive, and, indeed, common knowledge would so indicate. What was said in the Norris Case, supra, is to be considered in the light of the facts there disclosed, the nature of the expert treatment involving the matter of a major surgical operation, and that plaintiff had made no payment of the bill. The charge was properly refused under the following authorities: Birmingham Railway, Light & Power Co. v. Humphries, 172 Ala. 495, 55 So. 307; Birmingham Railway, Light & Power Co. v. Girod, 164 Ala. 10, 51 So. 242, 137 Am.St.Rep. 17; Parisian Co. v. Williams, 203 Ala. 378, 83 So. 122. Moreover, the amount is so small in comparison with the recovery that the maxim of de minimis non curat lex may well be applied. But we forego further discussion of the assignments of error.

Suffice it to say they have each been duly considered by the court in consultation, and they so clearly present no error to reverse that detail treatment is deemed wholly unnecessary. Let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.