7 So.2d 570
**OPELIKA COCA-COLA BOTTLING CO.
v. McEACHERN.**
5 Div. 362.

Supreme Court of Alabama.
April 16, 1942.

Denson & Denson and L. J. Tyner, all of Opelika, for appellant.

Jacob A. Walker, of Opelika, for appellee.

FOSTER, Justice.

This is an action for damages in negligently bottling a soft drink so as to contain specified deleterious matter causing personal damage and expense to plaintiff as a result of drinking the contents or some of it. We are not trying to state the substance of the complaint, but only the nature of the cause of action.

There are numerous assignments of error. We will only mention those which seem to need discussion.

Assignments of Error 5, 6, 7 and 8.

They all relate to an item of damage consisting of a bill for medicine. The bill stating the amount was offered over general objection, overruled, but no exception. After proof of its payment, appellant moved to exclude evidence of the amount so paid because the charges were not shown to be reasonable, and on general grounds. This was overruled, and appellant excepted.

There were several rulings in this connection treated together in argument. They are sufficiently related to be so treated.

■■ The appellant and the court could not know to what extent plaintiff would make his preliminary proof, for he could not do it all at once. Under such circumstances it has been pointed out that after plaintiff has finished such preliminary proof, if it is not sufficient a motion to exclude that feature of the evidence would be the proper procedure. Aplin v. Dean,

231 Ala. 320, 324 (11 and 12), 164 So. 737. Appellant should not be considered to have lost the benefit of a ruling and exception on this motion properly made because some of the assignments treated with it are not in such attitude as to be complete in presenting the question and because they are argued together.

 We have had many cases relating to the necessity of proving that such a charge is reasonable. The party making the claim must prove that it was paid and that it was reasonable. City of Birmingham v. Norwood, 220 Ala. 497, 498, 126 So. 619; Newton v. Altman, 227 Ala. 465, 150 So. 698; Birmingham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633, 53 A.L.R. 840; Birmingham R., L. & P. Co. v. Humphries, 172 Ala. 495, 55 So. 307.

It was observed in the Norris case, supra [216 Ala. 138, 112 So. 636, 53 A.L.R. 840], "If the subject be a matter of common knowledge, and the nature of the charge or expense be before the jury, the sum paid may serve as some evidence of reasonable value in the absence of evidence to the contrary." But that a proper charge for surgical and medical attention was not a matter of common knowledge.

Likewise in the Norwood case, supra, we held that no such common knowledge exists as to hotel bills. And in Tomme v. Pullman Co., 207 Ala. 511, 93 So. 462, proof must be made that a laundry bill was reasonable.

We would say that a bill for medicine may be composed at least partly of items whose reasonable value is within the range of common knowledge. Compare Britling Cafeteria Co. v. Shotts, 233 Ala. 590, 173 So. 61. Neither the bill for drugs nor evidence specifying the items composing it is set out in the bill of exceptions. The burden is on appellant to make prejudicial error affirmatively appear from the record. That has not been done in this connection.

### Assignments of Error 13 and 14.

These relate to the motion for a new trial. This motion was based on several grounds. The first three grounds grouped in argument for appellant are to the effect that the verdict was not properly supported by the evidence: the fourth and seventh that it was contrary to the law and charge of the court. These are general grounds.

The weight of the evidence is not such as that the verdict is not well enough supported to withstand this attack. And whether it is contrary to the law as applied by the court depends upon the force of the various assignments. We have treated the only feature of them which is of such character as seems to need discussion.

The grounds of the motion 8, 9, 10, 11 and 12, which present the point that the verdict was improperly arrived at under the rule which prohibits a quotient verdict as that principle is defined by our cases, are insisted on by appellant. We have examined the evidence and the exhibits which were certified to us. Movant did not in our judgment sustain the burden which is upon him in that respect. But it is not necessary to give detail of the evidence. There was no error in respect to those grounds of the motion for a new trial.

Ground numbered 5 of the motion is that the amount of the damage is excessive. Due care has been given to this contention, and we have reached the conclusion that the verdict ought not to be disturbed on this, nor on any other ground of the motion. But a discussion of the evidence would serve no useful purpose.

Affirmed.

GARDNER, C. J., BOULDIN, and LIVINGSTON, JJ., concur.