GENERAL BURNETT v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 24 September, 1913.)

1. **Railroads—Relief Department—Benefits—Negligence—Action.**

The acceptance by an injured employee of a railroad company of benefits from its relief department does not, under the Federal Employer's Liability Act, and according to the Federal decisions, bar such employee of his right of recovery in his action against the railroad for the damages consequent upon the injury, if negligently inflicted.

2. Railroads—Federal Employer's Liability Act—Limitation of Actions—Pleadings.

The provision of section 6 of the Employer's Liability Act reading, "that no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued," is a statute of limitation, and must be specially pleaded both under the general law and Revisal, 360, to become available as a defense.

3. Same—Action—Conditions Annexed—Interpretation of Statutes.

While the Federal Employer's Liability Act divides into several classes the employees of railroads injured by negligence while engaged in interstate commerce, no right of action is given them not found at common law, the only difference being to deprive the carrier of certain defenses it had at common law with respect to contributory negligence, assumption of risk and the negligence of a fellow-servant. Hence, the period of two years prescribed wherein the action must be commenced is not a condition annexed to the right of action, and must be specially pleaded.

4. Same—Intent.

The Federal Employer's Liability Act deprives the employee of the right to bring his action under the State laws, and to this extent deprives him of the common-law right of action, but not of the common-law right to recover in the Federal jurisdiction; and the Federal statute being enacted for the benefit and protection of employees, the requirement that he bring his action within two years, etc., cannot be construed as a condition annexed to his right of recovery, but merely as a statute of limitation, necessary to be pleaded by the employee to become available as a defense.

APPEAL by plaintiff from *Cline, J.,* at March Term, 1913, of EDGECOMBE.

This is an action to recover damages for personal injury caused by the negligence of the defendant, and the only defense relied on is that the plaintiff has since his injury accepted benefits from the Relief Department.

No statute of limitations has been pleaded, but it is admitted that this action was commenced more than two years after the injury. It was further admitted that the complaint alleges a cause of action under the Federal Employer's Liability Act, and

that that act is applicable to this case, the point in controversy being whether section 6 of the act is a condition imposed upon the right of action or a statute of limitation.

The facts are set out in the judgment appealed from, except it is inadvertently stated therein that an issue of negligence was submitted to the jury, when the pleadings show that negligence was not denied, and the only controverted fact was the amount of damages.

The judgment is as follows:

This cause came on originally to be heard before his Honor, George W. Ward, judge, and a jury, at the .......... Term, 1911, of Edgecombe Superior Court. At that time the question of whether or not the plaintiff was injured by the negligence of the defendant, and, if so, the amount of damage sustained by him, was submitted to the jury; and the jury found the issue of negligence in favor of the plaintiff, and fixed his damages at $1,000. No judgment was rendered upon the verdict, but by agreement the matter was left open to be further heard, and judgment signed at some subsequent term of court *nunc pro tunc.* The reason for deferring judgment (as stated to the judge rendering this judgment) was that at said former term one or more cases were pending in the Supreme Court of North Carolina, the decision of which would aid the lower court in a determination of the case at bar.

The plaintiff Burnett insisted that, admitting the facts set out in the defendant's further answer, he was nevertheless entitled to judgment; the defendant insisting that, taking the facts stated herein to be true, it was entitled to judgment that it go hence without day, etc. Thereupon it was agreed that the facts set forth in the further answer by the defendant were true, but the conclusions of law therein were not admitted by the plaintiff. The plaintiff further contended that the contract called the Relief Department was invalid as matter of law; and Judge Ward made an entry on his notes of this admission and contention. It was further understood and agreed between the parties that the expression in paragraph 3 of the

further answer, "That the plaintiff did solemnly make and execute his said election, and did receive and accept under said regulations an aggregate sum of $97," should only be taken as a statement of fact to mean that he did receive checks or drafts aggregating $97 from the relief fund, under the terms of his membership in said Relief Department, and cashed and used them.

The cause was placed upon the motion docket at the March Term, 1913, and came on to be heard before his Honor, E. B. Cline, judge presiding, upon motion of both plaintiff and defendant for judgment in favor of each respectively. It was agreed that if the facts stated in the further answer in regard to the Relief Department, *and the things done in connection therewith, or not done, by both parties, were not a bar to recovery by plaintiff in this case,* then the court was to render judgment in his favor for $1,000 and costs, but if they constituted a bar to a recovery by him, then the judgment was to be rendered in favor of the defendant.

The court did not understand that the verdict of the jury was to determine the matter other than to find the negligent act and the amount of damages, if any were recoverable. Upon the argument before the undersigned, the plaintiff insisted upon the rendition of a judgment in his favor both under the acts of Congress as well as under the State law. The defendant insisted that the Federal statutes were not applicable, and that it was entitled to judgment under the decision of *King v. R. R.,* 157 N. C., 44, and other decided cases.

Treating the facts set forth in the further answer as true, except as qualified above, and which are made a part of this judgment as fully as though they were set forth herein, the court, upon consideration of Federal statutes, the decision of the Supreme Court of the United States in the case of *Philadelphia, Baltimore and Washington R. R. Co. v. Schoubert,* 59 L. Ed. (222-225), page 911, and other cases, is of the opinion that they cannot aid the plaintiff to a recovery.

As the court understands the application of the decision in *King v. R. R., supra,* to this case, the plaintiff under the facts

appearing in the further answer is estopped and precluded from a recovery against the defendant in this action.

It is therefore considered and adjudged that the plaintiff is not entitled to recover; that he take nothing by his writ, and that the defendant go hence without day.

E. B. Cline,
*Judge Presiding.*

The plaintiff excepted and appealed.

*Fountain & Fountain for plaintiff.*
*F. S. Spruill for defendant.*

Allen, J.   It is settled beyond controversy by the decisions of the Supreme Court of the United States, that the acceptance of benefits from a relief department does not prevent a recovery of damages for negligence under the Employer's Liability Act of 1908 (*Chicago R. R. v. McGuire,* 219 U. S., 549; *R. R. v. Schoubert,* 224 U. S., 603), and as it is admitted that the act is applicable in this case, the only question presented by the appeal is the construction of section 6 thereof, which reads as follows: "That no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued."

If this is a statute of limitation, the defendant cannot avail itself of its protection, because of its failure to plead the statute, which is required both under our Revisal, sec. 360, and under the general law (Wood on Limitations, vol. 1, sec. 7), and, on the other hand, if it is a condition inherent in and annexed to the right of action, the defendant was not required to plead it, and it would operate to defeat the plaintiff's action, which was commenced more than two years after the cause of action accrued.

The last principle is illustrated by the decisions in this State and elsewhere, under Lord Campbell's Act creating a right of action for wrongful death, and is the one invoked by the defendant.

It is true, it has been generally held by the courts that where a statute creates a right not known to the common law, and pro-

vides a remedy for its enforcement, and limits the time within which the remedy must be pursued, the remedy in such cases forms a part of the right, and if not invoked within the time both the remedy and the right are lost (*Bear Lake Co. v. Garland,* 164 U. S., 1; *Negaubauer v. R. R.,* 104 Am. St. Rep., 674; *Rodman v. R. R.,* 59 L. R. A., 706); but this view is not universally entertained, as it was held otherwise in *Kaiser v. Kaiser,* 16 Hun., 602, and the rule is at most a rule of construction adopted by the courts to aid in ascertaining the intent of the legislative body.

We must then examine the act of Congress, and after considering its purpose, the subject with which it deals, the language used, and its effect, determine the legal operation of section 6.

Again, we turn to the decisions of the Supreme Court of the United States, and find that one purpose of Congress was to adopt a uniform rule operating alike on all employees of railroad companies engaged in interstate commerce, and that one of the effects of the statute is to supersede the laws of the States in so far as they cover the same field. *Mondou v. R. R.,* 223 U. S., 51 and 53.

The act includes within its terms all employees of railroad companies injured by negligence while employed in interstate commerce, and these may be divided into three or four classes for the purposes of this discussion.

In the first are those employees injured by the negligence of the company, when there is no assumption of risk, no contributory negligence, and no negligence of a fellow-servant; and that there are such employees is exemplified by this record, from which it appears that the only *fact* in issue, or debated in this case, is the amount of damages.

The act of Congress creates no right in this class of employees that did not exist at common law, as they had the right before the act of Congress to maintain an action in the State courts to recover damages for injuries caused by the negligence, and the usual limitation upon the exercise of this right was three years.

In the next class are those employees injured by the negligence of the company, who are guilty of contributory negligence. These are permitted to recover damages, which they could not do at common law, the act introducing the doctrine of comparative negligence, instead of that of contributory negligence.

The change in the law as to contributory negligence confers no right, and is operative only to withdraw from the company a defense theretofore existing, and the same may be said as to changes in the doctrine as to the negligence of a fellow-servant, and of assumption of risk.

This seems to be the construction of the act adopted by the Circuit Court of Appeals in *Garrett v. R. R.*, 197 Fed. Rep., in which the Court says: "The damages allowed to the injured employee are but declaratory of rights existing at common law," and if correct, it may well be questioned whether the rule of construction relied on by the defendant has any application; but, however this may be, the considerations suggested furnish reasons bearing upon the legal effect of section 6.

·The act supersedes the State law and thereby deprives employees of a right of action existing at common law. It is entitled "The Employer's Liability Act," and was enacted for the benefit and protection of employees. It was designed to make it easier for employees to recover damages for injuries caused by negligence, and not to impose conditions destructive, not of the remedy, but of the right.

If so, it seems to us more reasonable to conclude that in an act of this character, having in view the establishment and maintenance of the rights of the employee, under just restrictions, and considering the different classes of employees affected, it was the intent of Congress to limit the time within which an action could be commenced, and not to destroy the right.

The physical separation of the provision as to time from the section defining the right of action is also significant, and when considered in connection with the verbiage of section 6, which is peculiarly adapted to a statute of limitations, becomes, without other considerations, almost controlling.

The language of the section is strictly within the definition of a statute of limitation. Mr. Wood says in his work on limi-

tations (vol. 1, sec. 1): "Statutes of limitation are such legis-
lative enactments as prescribe the periods within which actions
may be brought upon certain claims, or within which certain
rights may be enforced. Statutes which provide that no action
shall be brought, or right enforced, unless brought or enforced
within a certain time, are statutes of limitations," and in *Upton
v. McLaughlin,* 105 U. S., 640, a statute in the following words
was held to be a statute of limitations: "No suit, either at law
or in equity, shall be maintainable in any court, between an
assignee in bankruptcy and a person claiming an adverse in-
terest, touching any property or rights of property transferable
to or vested in such assigns, unless brought within two years
from the time when the cause of action accrued for or against
such assignee."

The decisions of our Court upon the provision as to time in
the act conferring a right of action for wrongful death (Re-
visal, sec. 59) in no wise conflicts with the position that section
6 of the Employer's Liability Act is a statute of limitation, be-
cause the act first referred to clearly confers a new right of ac-
tion not existing at common law, the language used is not that
ordinarily found in statutes of limitations, and the limitation
as to time is a part of the section defining the right of action,
and is made a part of it.

The statute reads: "Whenever the death of a person is caused
by a wrongful act . . . the person or corporation shall be
liable to an action for damage, to be brought within one year
after such death."

The case of *Dockery v. Hamlet,* 162 N. C., 118, is also called
to our attention, in which it was held that the limitation of the
time within which a claim against a county, city or town could
be presented was not a statute of limitation. The decision in
that case was made upon the authority of *Wharton v. Commis-
sioners,* 82 N. C., 14, and the Court was not advertent to the
fact that when the *Wharton case* was decided the statute in
question was a part of the chapter regulating county revenue,
and that since then it has been made a part of the statute of
limitations by express legislative act, and is now section 396,
subsec. 1, of the Revisal.

163—13

The case of *King v. R. R.*, 157 N. C., 44, has no application, because it was decided under the principles of the common law, and this case is governed by the Federal statute.

After full consideration, we are of opinion that the sixth section of the Employer's Liability Act is a statute of limitations, and that there is error.

The plaintiff is entitled to judgment upon the verdict for the amount of damages awarded, less $97 received by him from the Relief Department, which the statute says must be deducted.

Error.

BROWN, J., was not present and took no part in the decision of this case.