A. L. HERRING v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 7 April, 1915.)

**Railroads—Relief Departments—Benefits—Negligence—Damages—Credits.**
   Where under the regulations of a railroad company its employee has been forced to enter its relief department, and thereafter is injured through its negligence and has received the benefits of the department, the defendant is only entitled to a credit for the moneys or benefits its employee has thus received when the recovery is in a larger sum; and the acceptance of such benefits does not bar his right of action.

BROWN, J., dissenting; WALKER, J., concurring in dissenting opinion.

APPEAL by defendant from *Allen, J.,* at September Term, 1914, of PENDER.

*C. E. McCullen and E. K. Bryan for plaintiff.*
*Davis & Davis for defendant.*

CLARK, C. J. This is an appeal from a verdict and judgment for personal injuries sustained by the plaintiff while working as a brakeman on

defendant's train in its yard at Wilmington. While there are some exceptions to the evidence, and to the charge, they do not require serious consideration. The appeal substantially rests upon the defense that the plaintiff was a member of the defendant's Relief Department, and that, having received benefits thereunder, he is estopped to maintain this action. The jury find that the plaintiff was injured by the negligence of the defendant, that he was not guilty of contributory negligence, and that he received $146 of benefits under the Relief Department which should be deducted from the $5,000 damages as found by the jury, and the court rendered judgment accordingly for $4,854.

The evidence and the charge excepted to come within the ruling of this Court in *King v. R.· R.,* 157 N. C., 44, and the cause was tried by the learned judge below strictly in accordance with that decision. It will serve no purpose to review and elaborate that case. The plaintiff was compelled, according to the rules of the defendant company then in force, to enter the Relief Department, and in taking the benefits that were paid him the defendant became entitled to no more than a credit therefor. The gross inadequacy of such benefits, $146, as compared with the extent of his injuries, $5,000, certainly when taken in connection with the evidence in the case and the charge, is conclusive of the plaintiff's right to maintain this action and to sustain this recovery.

In *R. R. v. McGuire,* 219 U. S., 549, and *R. R. v. Schubert,* 224 U. S., 603, it was held that the contracts of these Relief Departments are invalid, beyond being a payment on account. In paragraphs 2 and 3 of the complaint, being taken in connection with the answer of the defendant to those two paragraphs, it is admitted that the defendant was engaged in interstate commerce. It is unnecessary to go into the question as to the particular service in which the plaintiff was engaged at the time, shifting cars, whether any of the cars were destined for points beyond the State, as in *R. R. v. Behrens,* 233 U. S., 473, and other cases cited in *Ingle v. R. R.,* 167 N. C., 640.

The United States Supreme Court, in cases above cited, held that the Relief Department contracts, even where the employees entered therein willingly, were invalid by virtue of the Federal statute. Our statute (Private Laws 1897, ch. 56, now Revisal, 2646) is identical with the Federal statute in this particular, and besides, in this case, all the employees of the defendant were compelled to enter the Relief Department.· It is not necessary to consider whether the decision of this Court in *Barden v. R. R.,* 152 N. C., 318, in which we held that such contracts were invalid, shall now be reinstated; *Burnett v. R. R.,* 163 N. C., 190; for, taking *King v. R. R., supra,* as still in force in every respect, this case has been tried in accordance therewith, and the verdict and judgment are fully sustained by it. Besides, the defendant company, in consequence of the

decision of the United States Supreme Court in *McGuire's* and *Shubert's cases* above cited and our statute, Laws 1913, ch. 6, have now ceased to plead the operation of their Relief Department as a defense to actions by employees for damages sustained from the negligence of the company or of fellow-servants of the injured employee.

No error.

BROWN, J., dissenting: I am constrained to dissent from the conclusion reached by the Court in this case for the reasons given in my dissenting opinion in *Barden v. R. R.,* 152 N. C., 318, and also in my opinion in *King v. R. R.,* 157 N. C., 44.

I see no evidence whatever in this case of fraud and undue influence which brings the case within the principle laid down by the majority of the Court in the *King case.* There is no evidence that the plaintiff was injured while engaged in interstate commerce; certainly there is no finding of fact to that effect. Therefore, the provisions of the Federal act invalidating Relief Department contracts have no application. Neither has a similar act enacted by the Legislature of this State, for the reason that the injury occurred before the ratification of the act.

This whole question has been fully discussed in the cases I have cited, and as they cannot well arise in the future, it is useless to discuss this matter any further.

MR. JUSTICE WALKER concurs in this opinion.