## FINLEY et al. v. BECK. (No. 12096.)

Court of Civil Appeals of Texas. Fort Worth. March 9, 1929.

Houtchens & Clark, of Fort Worth, for appellants.

E. M. Hyder and Alva W. Bounds, both of Fort Worth, for appellee.

CONNER, C. J. This is an appeal from a judgment in favor of appellee, Beck, for $20. There is little, if any, material conflict in the evidence. The litigation grew out of facts substantially as follows:

On the 22d day of June, 1927, the appellee, Beck, was the owner of a 1925 model Chevro-

let sedan. On the night of that day it was stolen by an unknown person or persons and the next morning was found in a pasture near the village of Benbrook, some distance from the public road, stripped of its casings and tires and with one headlight broken. It was found by appellant J. D. Finley, constable of the Benbrook precinct, and he hired, at a cost of $5 the hauling of the stripped car to his residence, and then reported the find to the detective office at Fort Worth. The appellee, Beck, having discovered the loss of his car, and having inquired· at the detective office, learned of Finley's find and went to see him and thus found his car. It was then arranged between Finley and Beck that Finley should keep the car in his possession until Beck should learn whether or not the insurance company, with which his car was insured, offered a reward· of $25, which Finley said he felt that he ought to have if a reward was offered. In a conference later with an adjuster of the insurance company, the adjuster declined to pay the reward, on the ground that that was an item without his jurisdiction, and would have to be provided, if at all, through another department. It was then arranged between the adjuster, the appellee, and one Ward, claiming to be a deputy constable, that they would send for the car and tender the $5 expended in moving the stolen car to Finley's residence, and further arranged for the reward, if any, with the insurance company located in Louisiana. A truckman, unaccompanied by Beck, was accordingly sent to the residence of appellant Finley for the car. The evidence fails to show that he tendered to Finley a check or money for the $5 item of expense, though he testified that he told Beck that he had the money for that purpose; nor do we find that the truckman indicated to Finley that a reward might be later obtained. Finley declined to permit him to take the car away. Upon the truckman's return and report, the evidence substantially shows, we·think, that the adjuster caused to be instituted this sequestration suit against the appellant Finley and the sureties· on his official bond. In the plaintiff's petition it was alleged that the value of the car was $300 and that plaintiff had, been damaged by the necessity of employing attorneys at a cost of $75, and in the expense of recovering the car $10, and for the further sum of $250 actual damages and $500 exemplary damages; for all of which the plaintiff prayed to recover.

The trial court rendered a decision for damages in favor of plaintiff in the sum of $25, less a credit of $5, the cost of retrieving the car, thus leaving a balance of $20 for which judgment was rendered. From this judgment, the defendants have appealed.

There is no proof tending to show that appellant claimed any right in the car referred to in the foregoing statement, and he testified that, had the truckman tendered to him the $5 expended for bringing the car to a place of safety, he would have delivered it. He had been instructed by the plaintiff, Beck, to. keep the car until he had learned whether or not a reward would be had. The specific evidence relating to this point is that of plaintiff, Beck, and of Judge Childress, the justice of the peace of the precinct, who was present.

The plaintiff, among other things, testified that: "The last conversation that I had with him (Finley) was when I told him· to hold the car until I got in touch with the insurance company."

Mr. Childress testified to the effect that, when the plaintiff met the defendant Finley to learn of his car, Mr. Beck said to Mr. Finley: " 'How much do I owe you,' and he (Finley) said, 'Nothing but the pull-in charges, and if it is insured, you owe me the reward.' And he said, 'You keep the car, and I will get an adjuster, and I will come out there, and don't let anybody have it· unless I come out there myself.' "

██ There is no evidence showing that he had been informed of the understanding finally arrived at between the plaintiff, the adjuster, and the alleged deputy constable, that they would send for the car and later take up the question of a reward; nor is there any evidence tending to show that there was any further effort on the part of plaintiff or the adjuster to ascertain whether the insurance company, which was located in the state of Louisiana, had a reward offered; nor was there any effort whatever to show damage to the plaintiff, Beck, other than that he testified that he had been deprived of the use of his car for three days and that by inquiry in the city of rent car establishments he learned that the rental value of a car was $8 to $10 a day. for 10 hours. This evidence was objected to as hearsay, which it clearly was. Moreover, it was incompetent, in that the usual charges of rent car establishments was not the proper basis or measure of plaintiff's damages. This evidence accordingly was without probative force. See Henry v. Phillips, 105 Tex. 459, 151 S. W. 533. The plaintiff acknowledged that the loss of the use of the car for the three days for which he claimed damages (evidently the days Finley held the car by Beck's direction) was mostly a matter of inconvenience; that he was not in the business of renting cars; that he rented none; and that he supposed that he rode the street car some, but was unable to state the amount he expended in that way.

██ We have finally concluded that the record, as a whole, suggests that the suit was instituted in fraud of this court's jurisdiction, or, if not, at least was ill advised and would have been rendered wholly unnecessary by· an exercise of ordinary patience and regard for the just claims of the appellant Finley, and we do not think that an officer who had made a good-faith effort to preserve the stolen. property of an owner should be

harassed and mulct in unnecessary cost and damage.

We accordingly conclude a proper judgment in this case should be that the right of possession to the car in question be vested in the appellee, Beck, but that he take nothing of appellant or his sureties in the way of damages, and that the appellee, Beck, and the sureties on the sequestration bond, pay appellant the sum of $5, the cost of appellant's care of the car, and pay all costs in this suit, both in this court and in the court below, and it is so ordered.