(127 So. 679)

## SEABOARD AIR LINE RY. CO. v. LATHAM.
### 6 Div. 616.

Court of Appeals of Alabama.
April 8, 1930.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellant.

W. A. Denson, of Birmingham, for appellee.

SAMFORD, J.

The plaintiff was a section hand working with a group of other employees, under the supervision of a foreman, cutting weeds, briars, and underbrush, from defendant's right of way. The plaintiff was using in this service a grass blade called a scythe. While engaged in this service and in the line of his duty and being unaware of its presence, he cut into a wasps' nest. The wasps being disturbed immediately attacked plaintiff, and in his efforts to escape plaintiff dropped or threw down the scythe and began fighting the wasp. While so engaged plaintiff became entangled or tripped over the blade and was cut severely on the leg near the foot, which proved a permanent injury. Plaintiff's foreman having supervision of the work being done and of plaintiff knew of the location of the wasp nest; of plaintiff's proximity thereto; that a continuance of the work being done by plaintiff in the manner it was being done would bring plaintiff in contact with the nest and its colony. With this knowledge defendant's foreman failed to warn plaintiff of his approaching danger.

■ While it is true as contended that the Federal Employers' Liability Act creates no right that did not exist at common law (Burnett v. A. C. L. R. Co., 163 N. C. 186, 79 S. E. 414), the statute provides that a common carrier by railroad while engaged in interstate commerce shall be liable in damages to any person suffering injury while he is employed in such commerce, for such injury resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier. Section 1, Employers' Liability Act, approved April 22, 1908 (45 USCA § 51). It is conceded that if liability attaches such liability is within the purview of the above section.

■■ It is insisted that the attack of the wasps on plaintiff was a risk ordinarily incident to the service in which plaintiff was engaged, and therefore the risk was assumed by him. Since it was the duty of plaintiff to cut the weeds and briars on defendant's right of way under the orders of the foreman, it was the duty of defendant to use reasonable care to protect plaintiff from danger in the execution of the orders. If defendant's foreman had not been advised of the presence of the wasps and therefore of the danger incident to the service, defendant could not be held liable. But with a knowledge of the danger the foreman allowed plaintiff to proceed with the carrying out of his order in the usual way of doing such things when if plaintiff had been warned, the duty could have been performed in such way as to minimize, if not entirely remove the danger. The evidence here presents no ordinary risk, but is extraordinary in that it lies outside of the sphere of the normal and one which might have been obviated by the exercise of reasonable care on the part of defendant's foreman. Vohs v. A. E. Shorthill & Co., 130 Iowa, 538, 107 N. W. 417; 39 Corpus Juris 692, 896; Holland v. T. C., I & R. Co., 91 Ala. 444, 8 So. 524, 12 L. R. A. 232.

It is argued by appellant that owing to the nature of the employment and the character of the work being done there was no duty

resting on defendant to determine if there were wasps ahead before allowing plaintiff to proceed with his work. This may be conceded, but can it be seriously contended that if defendant knew the location of a nest of rattle snakes, lying in the way plaintiff must proceed with his work, there would be no duty resting on defendant to warn plaintiff of the danger of proceeding to do the work in the ordinary manner? The question furnishes its own answer. The foreman, having knowledge of the latent danger incident to a wasps' nest hidden in the bushes, was under duty to warn the servant of its existence, although it was the duty of the servant after seeing the nest to destroy it. 39 Corpus Juris 486, 602.

It is next contended that the negligence (if any) of the defendant was not a continuous consequence proximately causing the injury complained of, as it was broken by a new intervening cause independent of defendant's act, and which broke the causal connection.

Under the facts in this case it is clear that the sting of the wasps was primarily caused by the negligent act of defendant's foreman, who with knowledge of the facts failed to warn plaintiff of his danger. It is equally clear that what followed was a sequence of the attack of the wasps on plaintiff. Was there such intervening cause between the negligent act of the foreman and the injury to plaintiff as will preclude a recovery?

Beginning with the announcement of the principle by Lord Bacon (Bacon's Maxims 1) where the natural method of applying the maxim would be to start with the consequence and work back to the cause, and following its course through its evolution into the statement as it appears in our modern jurisprudence, where we begin with the cause and work forward to the consequence, it has been consistently held that, starting with a human act there must be found a causal relation between the act and the harmful result. This usually is expressed thus: "The injury shall be the natural and probable result of the act." This statement is not always satisfactory, and hence Dr. Joseph H. Beale of the Harvard Law School, after an exhaustive study of the subject and the citation of many authorities states the maxim as it now obtains, thus: "The intervening force, unless it is to make the result remote, must be foreseeable." Harvard Law Review, vol. 33, No. 5. Many of our own decisions on this subject affirm in principle the foregoing rule which ·

we hereinabove have again stated without any attempt to enter into an extended discussion of the question. Pertinent to the question in hand may be cited Armstrong v. Montgomery St. Ry. Co., 123 Ala. 233, 26 So. 349; Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610.

There is perhaps one other distinction arising in this class of cases which should here be taken note of. In actions ex contractu only such damages as are the natural and proximate result of the breach of the contract and could reasonably ·have been contemplated by the parties as a probable result of the breach are recoverable; on the other hand, in tort all damages foreseeable as a result of the negligent act and connected therewith as an unbroken sequence are recoverable. Bigbee Fert. Co. v. Scott, 3 Ala. App. 333, 56 So. 834.

In the instant case the plaintiff was among the weeds and brush using a scythe which consisted of a long, sharp, hooked blade fastened to the end of a stock or handle, itself bent in a peculiar manner and with two handles sticking out from its side. Through the negligent act of defendant's foreman the plaintiff was suddenly attacked by wasps enraged by the destruction of their nests. In his frenzy to avoid the danger plaintiff dropped the scythe in order to fight the wasps. He stumbled over the scythe and was injured. Such injury was the result of a continuing sequence foreseeable as a result of the negligent act. The general charge was properly refused.

Finally, it is argued that the danger or risk of encountering wasps' nests, to which a section hand engaged in clearing a railroad right of way is subject, is a risk incident to the employment and is assumed by the servant. S. A. L. Ry. Co. v. Johnson, 217 Ala. 251, 115 So. 168, is authority cited to sustain this contention. We might agree to this as a general rule, but where hidden dangers exist of which defendant has knowledge and the servant has not, and the master having knowledge of the servant's ignorance, the general rule must give place to the rule that the master is under duty to warn the servant of hidden or latent dangers, 39 Cyc. 507, 616. These were questions inferable from the evidence to be decided by the jury.

We find no error in the record, and the judgment is affirmed.

Affirmed.