55 So.2d 213

**BATES v. GENERAL STEEL TANK CO.**

7 Div. 138.

Court of Appeals of Alabama.

Oct. 4, 1951.

Rehearing Denied Oct. 23, 1951.

Young & Young, Anniston, for appellant.

Knox, Jones, Woolf & Merrill, Anniston, for appellee.

**HARWOOD, Judge.**

The suit below grew out of a collision between plaintiff's automobile and the defendant's truck. No personal injuries resulted.

In his complaint the plaintiff claimed damages for injuries to his automobile; loss of time from his job; for denial of the

use of his automobile, and for expense of travel in going to and from his job.

The cause was heard by the court without a jury.

The court entered a judgment finding the issues in favor of the plaintiff, and assessed his damages at $500.00.

Within thirty days the plaintiff filed what is denominated as a motion to modify the judgment, and based such motion on the alleged inadequacy of the damages awarded by the court. Notice of said motion was served on defendant, and duly set down for hearing. After hearing and argument the motion was denied by the court, and exception allowed.

The "motion to modify the judgment" is in effect a motion for a new trial, and will be treated by us as such, as indeed it was apparently regarded by the parties in the proceedings and procedure below.

Upon denial of his motion the plaintiff perfected his appeal to this court.

■ The plaintiff having perfected this appeal, on the basis of the inadequacy of the damages, the only question presented for our review is the quantum of the damages. Huffstutler v. Chandler Transfer & Freight Line et al., 33 Ala.App. 182, 31 So.2d 302, and cases cited therein.

As to the amount of damages to plaintiff's automobile, Cliff Worsham, to whose shop the automobile was taken for repairs, testified in effect that the amount of the damages to the car was $500.00.

This witness further testified that the automobile was in his shop for over thirty days because "we had quite a bit of difficulty in getting some of the necessary parts."

The plaintiff and another witness gave testimony tending to establish the amount of damage to the automobile at $1,000.00.

The plaintiff further testified that while his automobile was in Worsham's shop it was necessary for him to make at least six trips to Anniston to see about it. These trips were made either from his home in St. Clair Springs, Alabama, or Birmingham, or from some point in his territory in northeast Alabama, the appellant being unable to state his departing place at the time of the trial.

Appellant testified that at the time of the wreck he was employed as a salesman for heavy machinery, and that his commissions for the six months preceding the wreck his earnings had averaged $150.00 per week.

Appellant further testified that in order for him to carry on his business as a salesman it was necessary that he obtain means of transportation during the time his car was being repaired, and to this end he hired an automobile from the Dixie-U-Drive It Company in Birmingham, and the hire of such vehicle amounted to $507.30; that within his personal knowledge this method of transportation was the cheapest and most expeditious means of obtaining automotive transportation.

There was no evidence offered by the defendant tending to contradict the above evidence offered by the plaintiff relative to the amount of damages suffered by the plaintiff as a proximate result of the collision.

■ The only rational inference to be drawn from the amount fixed by the court as damages is that the only item of damage allowed by the court was the $500.00 damage to plaintiff's automobile. It should be noted that this was the very least amount fixed by any witness as to the amount of this particular damage to the plaintiff. However, since according to at least one of plaintiff's own witnesses this was the amount of damage to plaintiff's car, the court was in our opinion fully justified in fixing this item of damage at $500.00.

■■ It is fundamental that a plaintiff is entitled to be compensated for all his damages, including gains prevented and losses sustained, which are foreseeable as a result of defendant's negligent act, and connected therewith proximately. Seaboard Air Line Ry. Co. v. Latham, 23 Ala.App. 490, 127 So. 679; Southern Ry. Co. v. Coleman, 153 Ala. 266, 44 So. 837. The reasonable value of the hire or use of a plaintiff's damaged vehicle, while he is deprived of the use thereof as a result of defendant's negligence, is one of the proximate damages deemed recoverable. Mobile Light & R. Co. v. Sadik, 211 Ala. 582, 100 So. 837.

It is equally fundamental that the burden is upon a plaintiff to present evidence

tending to show the reasonable value of the damages he allegedly suffered.

The only evidence introduced by the plaintiff relative to the damage suffered by him because of being deprived of the use of his automobile was the amount paid by him to a drive-it-yourself concern for an automobile hired by him during the time he was deprived of the use of his car.

It is to be noted that the defendant objected to this item of evidence on the ground that the plaintiff "has not shown that there was a fair established price for the rental of automobiles." This objection was over-ruled.

■ The court properly overruled the objection at the time. For while it is true that the defendant is not liable for any more than the reasonable value of the damages claimed, yet neither is he liable for any more than has actually been paid. So it is necessary to prove both, and both cannot be proved at once. The natural order is to prove what the charge is, and then prove whether it is reasonable. Birmingham Railway, Light & Power Co. v. Humphries, 172 Ala. 495, 55 So. 307.

■ The burden was still upon the plaintiff however to show the reasonableness of the charges he claimed as damages for the hire of the automobile. As summarized in Opelika Coca-Cola Bottling Co. v. McEachern, 242 Ala. 628, 7 So.2d 570, 571:

"We have had many cases relating to the necessity of proving that such a charge is reasonable. The party making the claim must prove that it was paid and that it was reasonable. City of Birmingham v. Norwood, 220 Ala. 497, 498, 126 So. 619; Newton v. Altman, 227 Ala. 465, 150 So. 698; Birmingham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633, 53 A.L.R. 840; Birmingham R., L. & P. Co. v. Humphries, 172 Ala. 495, 55 So. 307.

"It was observed in the Norris case, supra (216 Ala. 138, 112 So. 636, 53 A.L.R. 840), 'If the subject be a matter of common knowledge, and the nature of the charge or expense be before the jury, the sum paid may serve as some evidence of reasonable value in the absence of evidence to the contrary.' But that a proper

charge for surgical and medical attention was not a matter of common knowledge.

"Likewise in the Norwood case, supra, we held that no such common knowledge exists as to hotel bills. And in Tomme v. Pullman Co., 207 Ala. 511, 93 So. 462, proof must be made that a laundry bill was reasonable."

■ While the plaintiff below did testify that hiring a drive-it-yourself automobile was the cheapest and most expeditious method of obtaining transportation that was within his personal knowledge, such testimony falls far short of tending to show the reasonable hire of an automobile. At least one court has held that charges of a rental car concern is not a proper measure of damages for depriving a plaintiff of the use of his automobile. See Finley v. Beck, Tex. Civ.App., 16 S.W.2d 908. In the absence of testimony as to the reasonableness of this item of claimed damages the court was, in our opinion, justified in omitting it from consideration in assessing plaintiff's damages, particularly since this absence of proof of reasonableness had been called to the court's attention in objecting to the evidence showing the amount paid the drive-it-yourself company.

The remaining item of damages which appellant contends was ignored by the court pertains to plaintiff's loss of earnings because of time lost as a result of the wreck.

This loss of time must properly be divided into two periods. The first period was of four days, which plaintiff testified was the time necessary for him to arrange for the rental of a car.

The second period was of six days duration. The plaintiff testified he came to Anniston on at least six different days to see about his automobile, "trying to get it out of Cliff Worsham's shop."

On cross-examination the plaintiff testified as follows concerning the days he allegedly lost from his work by coming to Anniston:

"Q. Mr. Bates, where do you live in St. Clair County? A. St. Clair Springs.

"Q. And you travel all over the State of Alabama? A. No, I travel the North East corner.

"Q. Where is your headquarters? A. Birmingham.

"Q. Do you go back to Birmingham every night? A. No.

"Q. Where do you start from every day? A. Wherever I happen to be.

"Q. Where do you say you made these trips to Cliff Worsham's garage from? A. Wherever I happened to be.

"Q. Well, where were you then? A. It could have been from Birmingham—it could have been from home, and it—

"Q. (Interrupting) I asked you where they were from? A. It could have been anywhere in my territory. I took a day and came by there when I saw fit to.

"Q. Do you know the answer to my question?

"Mr. Young: Tell him where it was, if you know.

"The Witness: Some of them were from home; some of them were from Birmingham. I don't remember all the details. That has been a year ago.

"Q. (By Mr. Porch) Then you don't know how much time was consumed, or how far you traveled? A. I would say at least six days.

"Q. But you are not sure? A. Yes."

One seeking to hold another liable for damages must use reasonable efforts to avoid or mitigate such damages. See Ala. Dig., Damages, ☞62 for innumerable cases enunciating this doctrine.

The plaintiff offered no testimony tending to show the reasonable necessity for his numerous trips to Anniston to see about his automobile, nor the necessity for losing an entire day on each of these trips. The plaintiff's home, St. Clair Springs, is approximately 35 miles from Anniston, while Birmingham is approximately 63 miles distance. The plaintiff's sales territory covered northeast Alabama, including Calhoun County of which Anniston is the county seat. From the bill paid for the drive-it-yourself it must necessarily be inferred that the plaintiff did much travelling in his territory during the period his automobile was in Worsham's shop in Anniston. Under these circumstances, the lower court may well have concluded that the plaintiff could have arranged his itinerary to take him through Anniston, without any appreciable loss of time from his work, or that a telephone call or letter to Worsham could reasonably have served the purpose of a visit.

Likewise, as to the claimed loss of four days in securing a substitute automobile, there is no evidence tending to reasonably show the necessity for such loss of time. So far as disclosed by the record no physical injuries were sustained by the plaintiff in the wreck. He secured a substitute automobile by the simple process of renting one from a drive-it-yourself company. This could as easily have been promptly done in a few moments time as it could be done after a four days lapse of time. The plaintiff offered no evidence tending to explain the necessity for such delay. It was his duty to save the defendant, even though a wrongdoer, unnecessary liability.

The above views we think compel the conclusion that we would be unjustified in disturbing the conclusions of the trial court in respect to his denial of these elements of damage.

The plaintiff sought to introduce in evidence a letter from an automobile dealer offering plaintiff an allowance of $1,747.82 for his automobile on the purchase of a new automobile, after the repairs had been completed on plaintiff's car. The clerk employed by the dealer testified he had written the letter in due course of business upon instructions from the dealer.

The court sustained defendant's objections to the admission of this letter.

This ruling by the court was correct. The letter was not a price current or commercial list within the purview of Section 385, Title 7, Code of Alabama 1940, Tyson v. Chestnut, 118 Ala. 387, 24 So. 73; Kentucky Refining Co. v. Conner, 145 Ala. 664, 39 So. 728, and furnished no reliable method for the determination of the damage to plaintiff's vehicle.

Affirmed.