276 So.2d 126

**Charles F. DeBARDELEBEN, III**

**v.**

**Mrs. Carolyn N. TYNES.**

**Mrs. Carolyn N. TYNES**

**v.**

**Charles F. DeBARDELEBEN, III.**

**SC 5, 5–X.**

Supreme Court of Alabama.

Feb. 22, 1973.

Rehearing Denied April 26, 1973.

Rives, Peterson, Pettus, Conway & Burge and W. Eugene Rutledge, Birmingham, for appellant.

Spain, Gillon, Riley, Tate & Ansley and S. R. Starnes and Ollie L. Blan, Jr., Birmingham, for appellee.

HARWOOD, Justice.

This is an appeal from a judgment entered pursuant to a jury verdict in favor of the defendant. The plaintiff, Charles F. DeBardeleben, III, claimed damages for the death of his minor son allegedly caused by the negligence of the defendant, Mrs. Carolyn N. Tynes.

The complaint as finally amended, went to the jury on two counts, Count B and Count C.

Count B avers that the defendant invited the plaintiff's son William, a child under seven years of age, to her home for the purpose of playing with her own son; that the defendant picked up the plaintiff's child at his school and took him to her home, and while the plaintiff's son was at the defendant's home "the defendant negligently caused or negligently allowed her automobile to run over or upon the said minor child of the plaintiff and as a proximate consequence of the aforesaid negligence of the defendant, plaintiff's said minor child was killed."

Count C avers that the defendant voluntarily undertook to assume the custody,

care, and control of the plaintiff's son, a child under seven years of age, and while the child was under the custody, care, and control of the defendant, "the defendant negligently caused or negligently allowed her automobile to run over or upon the said minor child of the plaintiff and as a proximate consequence of the aforesaid negligence of the defendant, plaintiff's said minor child was killed."

Each of the counts concluded with the statement that the cause of action was based upon and brought under Section 119, Title 7, Code of Alabama 1940.

The evidence is not in any serious conflict, particularly as to its application to the points raised on this appeal. The evidence tends to show that the defendant's son Norman and the plaintiff's son William attended the same kindergarten school. They were friends. One night the defendant's son Norman telephoned William and invited him to his house the next afternoon. After clearance with the respective mothers, the invitation was accepted.

The next afternoon the defendant picked up Norman and William at school and took them to her house. The defendant's two year old daughter Carrie accompanied the defendant on the trip to the school.

The home of the defendant and her husband faces on Ridge Drive in Mountain Brook. The lot slopes back from Ridge Drive. A sloping driveway runs from the street to the rear of the home where it ends at an area used in turning automobiles around. A sand box for the defendant's children is in this area. A stone wall separates this portion of the lot from a lower portion. Steps in the vicinity of the sand box lead to the lower yard.

Returning to her home with the two young boys and her small daughter in the automobile with her, the defendant stopped her automobile near a walkway leading from the driveway to the front of the house.

The defendant talked to the two boys a few moments prior to their leaving the automobile to go to the sand box.

The defendant, followed by Carrie, then went into a portion of the yard to change the location of a lawn sprinkler. The defendant suggested to Carrie that she not try to help in moving the sprinkler, and Carrie walked back toward the automobile. The defendant observed Carrie trying to get into the automobile, the door being open, and called to her to stop. Carrie turned and faced the defendant who then proceeded with moving the sprinkler. Carrie had never before been able to get in the automobile unassisted.

Hearing a noise, the defendant looked and saw the automobile rolling down the driveway, with Carrie clutching onto the steering wheel, either in the automobile, or partly so.

The defendant ran after the automobile which came to a stop with the front end partly on the stone retaining wall, and one front wheel on the steps leading to the lower yard. Peering under the automobile the defendant saw William pinned underneath. She then rushed into the house and called the police.

An Alabama Power Company crew of eight men were working about 300 feet from the defendant's home. Hearing a loud noise, followed by screams, they rushed to the scene. They lifted the front end of the automobile and rolled it back off the body of William. During the procedure the defendant came out of the back door of her home. She was in a highly emotional state, and fell once or twice in walking around the scene.

None of the crew members could recall whether the door of the automobile was open when they observed it, nor did any of them look to see whether the shift lever was in "park." One crew member, Howard Mooney, testified that he did observe the brake and "it appeared to be down." The other crew members did not observe the brake.

Lawrence Todd, Jr., a legal photographer, was called by the Mountain Brook police and directed to go to the scene. He arrived about fifteen minutes after the accident had occurred. A police car was leaving with William when he arrived and the defendant's automobile was at the sand box. He made a photograph of the interior of the defendant's automobile showing the brake, and it appears to be mashed down and so appeared when he looked at it. Todd also saw police officer Hardesty release the brake pedal when he moved the automobile.

The automobile rolled back when lifted and pushed back by the Power Company workmen, that is, the wheels did not slide. However, two witnesses testified that some automobiles will roll backwards even though the brakes are on.

Mr. DeBardeleben, the plaintiff, testified that on the evening of the accident Mrs. Tynes came to the DeBardeleben home. In her account of the accident at that time, she stated that when she had stopped the automobile in her driveway, she had placed the shift lever in "park," had put on the foot brake, and had turned the front wheels to the right. As to her daughter Carrie's position when the automobile began to roll, Mrs. Tynes had stated that "the little girl at one time was in the car, and at one time the little girl was not in the car, and at one time she was half in and half out." He therefore did not understand where Carrie was in relation to the car as it rolled down the hill. Mr. DeBardeleben further testified that Mrs. Tynes was emotional at the time of giving her accounts of the happening.

In her testimony in the hearing below, Mrs. Tynes testified that she had put the automobile in park, had put the brakes on, and turned the wheels to the right. She further testified that when she saw the automobile moving, Carrie was hanging onto the steering wheel for dear life, "to stay on there." Dr. Tynes, husband of the defendant, and the defendant, both testified that they had never had any difficulty with the functioning of either the parking device, or the brakes since owning the automobile in question. Further, an adjustor, presented as a witness by the plaintiff, testified that two days after the accident he and an assistant had conducted tests on the Tynes' automobile by driving it to a hill with a steeper slope than that of the Tynes' driveway. The car was placed in neutral and the brake applied. Efforts to make the automobile move by pushing and juggling it proved negative. The same result followed when the brake was released and the shift lever was placed in "park."

The appellant has argued four assignments of error in brief, and each assignment respectively pertains to the refusal of four written requested charges which were refused by the court.

These charges are lengthy and we see no useful purpose in setting them out other than to observe that each respective charge seeks to instruct the jury that they may infer negligence under the facts shown; in other words, that the doctrine of res ipsa loquitur could be applied permitting the jury to infer that the defendant negligently allowed or caused her automobile to run over William, and that his death resulted as a proximate consequence of such negligence.

■ The rationale and result of the doctrine of res ipsa loquitur is to raise a rebuttable presumption of law, assumed not because it necessarily follows upon facts in evidence, but because the chief evidence of the cause of the injury charged is practically inaccessible to the injured party, and is known or accessible to the party charged with causing the injury. Lawson v. Mobile Electric Co., 204 Ala. 318, 85 So. 257.

■ The presumption of negligence permitted by the application of the doctrine of res ipsa loquitur is not evidence, nor does it serve in the place of evidence after evidence to the contrary has been adduced. Holmes v. Birmingham Transit Co., 270 Ala. 215, 116 So.2d 912.

As stated by the Supreme Court of Mississippi in Bloch v. Brown, 201 Miss. 653, 29 So.2d 665:

"The instructions requested by plaintiff which advised the jury of the fact and weight of the presumption implicit in the doctrine of res ipsa loquitur were properly refused. Presumptions are for the judge and not the jury. Once they have served the purpose of making a prima facie case, their function ceases and the case goes to the jury free of the incident that the inferences thereby created have any force other than that which the jury may by their own reasoning attach to them."

Again, as stated in general terms in 58 Am.Jur.2d, Negligence, Section 489:

"Where all the facts attending the injury are disclosed by the evidence, and nothing is left to inference, no presumption or inference can be indulged, and the doctrine of res ipsa loquitur has no application. * * *"

Under the plaintiff's evidence, negligence on the part of Mrs. Tynes, if any, must be deemed to have arisen either from, (1) failure to use reasonable care in applying the brake and parking gear of the automobile to prevent its rolling, or (2) failure to use reasonable care in the supervision of defendant's minor daughter, Carrie, under the circumstances.

The plaintiff was fully aware of Mrs. Tynes' post accident account of the accident. We do not see that this account varied in any real material aspect from the account given by Mrs. Tynes in her testimony at the trial. There was no necessity therefore for the application of the doctrine of res ipsa loquitur.

Mrs. Tynes at all times stated she had applied the brake and placed the automobile in park before leaving it. Whether she did or did not do so was a question of fact within the province of the jury to resolve. Likewise, whether Mrs. Tynes was guilty of negligently supervising her young daughter under the facts shown, was also a matter within the province of the jury to resolve.

The lower court therefore did not err in refusing the four written charges above mentioned, and the assignments of error asserting error in these respective instances are without merit.

Counsel for appellee has asserted and argued additional reasons showing the non-applicability of the doctrine of res ipsa loquitur to the facts of this case. It is our view that what we have written above is dispositive of the points raised in appellant's brief. Without intimating that these additional reasons justifying the court's action in refusing the four above mentioned charges may, or may not, be meritorious, we see no pressing need to discuss them. The judgment here appealed from is due to be affirmed.

Counsel for appellee has cross-assigned errors, asserting error on the part of the court in overruling the demurrers to Counts B and C, and in refusing two charges requested by the appellee in the trial below, and has filed a brief in support of the cross-assignments.

Since the appellee has gained a verdict and judgment which is due to be affirmed, she has nothing about which to complain. Anything we would write in connection with appellee's cross-assignments of error would therefore be dictum. Further, it is axiomatic that a party in whose favor a verdict and judgment are rendered and entered, can bring an appeal only to question the amount of damages. Beatty v. McMillan, 226 Ala. 405, 147 So. 180; Bates v. General Tank Co., 36 Ala. App. 261, 55 So.2d 213.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX, and FAULKNER. JJ., concur.