HOLMES, Judge.
The plaintiff sued the defendant for personal injury as a result of defendant’s negligence and wantonness. The jury returned a verdict in favor of the plaintiff and against the defendant. The amount of the jury’s verdict was $10,000 and judgment was entered for that amount.
The plaintiff appeals, contending that the trial court erred to reversal regarding certain evidentiary rulings. We affirm.
At the outset, we note there was no motion for new trial by either party.
It is the law in this state that a party in whose favor a verdict and judgment are rendered and entered can bring an appeal only to question the amount of damages. See, DeBardeleben v. Tynes, 290 Ala. 263, 276 So.2d 126 (1973); Beatty v. McMillan, 226 Ala. 405, 147 So. 180 (1933); Bates v. General Steel Tank Co., 36 Ala.App. 261, 55 So.2d 213, cert. dismissed, 256 Ala. 466, 55 So.2d 218 (1951); 2 Ala.Digest Appeal & Error <3= 151(5).
Additionally, it is the law in Alabama that an appellate court cannot review the inadequacy of a judgment in cases where no motion for new trial is made. See, Fallaw v. Flowers, 274 Ala. 151, 146 So.2d 306 (1962); 2 Ala.Digest Appeal & Error o=>293. As noted above, no such motion was made in the instant appeal.
In view of the above, this court has no alternative other than to affirm the judgment below.
However, for interested parties, this court has carefully reviewed the complained of evidentiary rulings by the trial court. Our review reveals that if there be any error such error is without injury to the plaintiff. See Rule 45, ARAP.
The case is due to be affirmed.
AFFIRMED.
WRIGHT,-P. J., and BRADLEY, J., concur.