HOLMES, Retired Appellate Judge.
Morris Jackson appeals from a jury verdict entered in his favor against Krupp Oil Company, Inc., d/b/a Sav-More Food Store (Krupp).
Our review of the record reveals the following: On November 17,1991, Jackson, who was a customer in Krupp’s store, received an electrical shock when he reached into a large walk-in beverage cooler to obtain a soft drink. The shock caused Jackson to fall backwards into some metal shelves and onto *83 the floor. As a result of the shock, Jackson sustained injuries, which required surgery.
On November 16, 1993, Jackson sued Krupp, alleging negligent or wanton construction, installation, repair and/or maintenance of the walk-in beverage cooler. The case was tried by a jury in March 1996. At the close of the evidence, Jackson’s attorneys requested at least $1,000,000 in compensatory damages. They also requested punitive damages. The issues of compensatory and punitive damages were submitted to the jury. The jury returned a verdict in favor of Jackson and awarded him a total of $50,000 in compensatory damages. Thereafter, the trial court entered a judgment based on that verdict.
Jackson filed a post-judgment motion for a new trial or, in the alternative, a motion for additur, which the trial court denied.
Jackson appeals, raising three issues.
In one of his issues, Jackson contends that the trial court committed reversible error in denying his motion for a new trial based on the inadequacy of damages awarded by the jury. Specifically, he contends that the trial court should have granted his challenge for cause as to prospective juror, Dulcie Biggs, based on that juror’s initial indication of bias and prejudice regarding the amount of damages that a jury should award.
Thus, the dispositive issue on appeal is whether the trial court committed reversible error in denying Jackson’s challenge for cause as to prospective juror Biggs.
The following conversation transpired between Jackson’s attorney and Biggs during voir dire:
“MR. PRINCE: All right. And, finally, there’s been a lot in the newspapers about lawsuit abuse, excessive verdicts. And I am not going to get into whether that is right or wrong, but I want to know this: Any member of the jury panel that thinks that you just can’t render a large verdict? That there are just too many out there and you have just got to put a stop to this regardless of what the evidence is?
[[Image here]]
“MR. PRINCE: Let me state it differently. Of course, this is important to both sides in this lawsuit. Any member of the jury panel think that there should just be an automatic barrier in dollar amounts? In other words, I don’t care what the facts are, no verdict should be over, say, a hundred thousand dollars? A million dollars? In other words, is there any member of the jury panel that says there should be a barrier regardless of the facts and the law in the case?
“JUROR BIGGS: I think there should be a limit.
“MR. PRINCE: You do? All right. Let’s talk about that. What limit do you think it should be?
“JUROR BIGGS: Well, I have read accounts in the paper, millions of dollars that have been awarded, and I just think there has to be set a limit on that.
“MR. PRINCE: All right. And I am not disagreeing with you. I am just saying do you have an idea of what that limit should be?
“JUROR BIGGS: Well, no. I really don’t know how to say it, but it should be way under a million. It should be at least — It shouldn’t go over half a million.
[[Image here]]
“JUROR BIGGS: Maybe less than that.
“MR. PRINCE: All right. Let me ask you a couple more questions because I want to make sure you and I are on the same page. Most of the verdicts in the paper have been about punitive damages. Is that what you’re talking about? Punitive damages?
“JUROR BIGGS: (Nodded head in the affirmative.)
“MR. PRINCE: All right. And I don’t know if you know this, but the Judge is going to tell you that there is also compensatory damages; in other words, to make somebody whole. And I want to make sure you’re not talking about compensatory. I mean, yours is punitive; is that correct?
“JUROR BIGGS: I believe so.
“MR. PRINCE: Let me give you an example and you tell me what you’d do if *84 you were a juror. Suppose you had a breach of contract case that involved five million dollars and you found that the defendant breached the contract. Could you award five million dollars or would you say no, that is just too high. I don’t care what the damages are, it’s going to be five hundred thousand?
“JUROR BIGGS: Right. I would agree with that.”
After Jackson’s attorney concluded his examination of the prospective jurors, Krupp’s attorney questioned Biggs in the following manner:
“MR. HENDERSON: ... Ms. Biggs, I have got to ask you one more question. [Mr. Prince] had asked the question about a breach of contract case and if it was just compensatory damages and it was like a contract for five million dollars, if that was — if you could render a verdict if the contract was for five million dollars and the plaintiff was entitled to that. You could do that, couldn’t you?
“JUROR BIGGS: Well, I — maybe I could. But I just think everything — I think that the prices are too high. I think something has got to give.”
Subsequently, the trial judge excused the prospective jurors for lunch. Juror Biggs remained in the courtroom to ask the following question:
“JUROR BIGGS: I just wanted to know what — what would have to happen to change these enormous fees? An act of the legislature? To keep the fees from going higher and higher and higher?
“[KRUPP’S ATTORNEY]: Well, I would like to answer.
“THE COURT: I will talk to you about that at church, Ms. Biggs.
“JUROR BIGGS: Okay.”
After voir dire of all the prospective jurors, Jackson’s attorney challenged Biggs for cause. The trial court, without making an inquiry into Biggs’s apparent prejudices, denied that request.
At the outset we note that in Knop v. McCain, 561 So.2d 229, 232-34 (Ala.1989), our supreme court summarized the following well-settled law regarding challenges for cause:
“The grounds on which a juror may be challenged for cause are set out in [Ala.] Code 1975, § 12-16-150. Additional grounds for challenge for cause under the common law still exist where they are not inconsistent with the statute.
“In challenging a juror for cause, the test to be applied is that of probable prejudice. While probable prejudice for any reason will serve to disqualify a prospective juror, qualification of a juror is a matter within the discretion of the trial court. This Court must look to the questions propounded to, and the answers given by, the prospective juror to see if this discretion was properly exercised. A reversal is not appropriate absent abuse of this discretion.
“Ultimately, the test to be applied is whether the juror can set aside her opinions and try the case fairly and impartially, according to the law and the evidence....
[[Image here]]
“ ... Once a juror makes an initial statement that is vague, ambiguous, equivocal, uncertain, or unclear or that shows confusion, it is the trial judge’s function to question the juror further, so as to ascertain whether the juror can be impartial. However, once the juror indicates initially that he or she is biased or prejudiced or has deep-seated impressions, so as to show that he or she cannot be neutral, objective, or impartial, the challenge for cause must be granted.”
(Citations omitted.)
In Knop, the court further stated the following:
“While jury bias need not be established by unmistakable clarity, Wainwright v. Witt, 469 U.S. 412, 419, 105 S.Ct. 844, 849, 83 L.Ed.2d 841 (1985), the court proceedings ‘must not only be fair, but must also appear to be fair.’ Ex parte Beam, 512 So.2d 723, 724 (Ala.1987). Answers given by prospective jurors on voir dire
“‘fall into two categories: 1) those affecting the defendant’s choice of peremptory challenges (those light im *85 pressions which may fairly yield to the testimony); and 2) those affecting the juror’s qualifications (those strong and deep impressions which will close the mind against the testimony).’
“Beam at 724.”
Knop, 561 So.2d at 233.
After reviewing Biggs’s testimony as a whole, we conclude that her answers cannot be viewed as-only “light impressions which may fairly yield to the testimony.” Instead, her answers appear instantly as “those strong and deep impressions which will close the mind against the testimony.” Biggs’s testimony could be construed as confusing and ambiguous, since it tended to indicate that she not only had a fixed opinion regarding punitive damages, but that she also had a fixed opinion regarding compensatory damages. We find that, in this instance, it was the trial court’s function to question Biggs regarding her impartiality. Knop, 561 So.2d at 234. Instead of making such an inquiry, however, the trial court merely responded with a comment which, quite frankly, this court fails to understand.
Based on the foregoing, we conclude that the trial court committed reversible error in denying Jackson’s challenge for cause as to juror Biggs.
Accordingly, the judgment of the trial court is due to be reversed, and the case is remanded for a new trial.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
THOMPSON, J., dissents.