COOK, Justice.
We granted certiorari review on the petition of the defendant, Krupp Oil Company, to consider the Court of Civil Appeals’ judgment reversing a judgment in favor of the plaintiff and remanding for a new trial. See Jackson v. Krupp Oil Co., 727 So.2d 82 (Ala.Civ. App.1997). We reverse the judgment of the Court of Civil Appeals.
On November 17, 1991, Morris Jackson entered a Sav-More Food Store in North-port. That store was operated by Krupp Oil Company. While in the store, Jackson reached into a large walk-in cooler to obtain a soft drink; when he did so, he received an electrical shock that caused him to fall backwards into shelves and onto the floor. Jackson'sustained injuries and had to have surgery. In November 1993, Jackson sued Krupp Oil, alleging negligent or wanton construction, installation, repair, and/or maintenance of the walk-in cooler. He demanded a trial by jury.
At trial the court submitted to the jury Jackson’s claims for compensatory and punitive damages. The jury returned a verdict awarding Jackson $20,000 in past compensatory damages and $30,000 in future compensatory damages, but no punitive damages. The trial court entered a judgment on that verdict. The court denied Jackson’s motion for a new trial, and he appealed.
The Court of Civil Appeals reversed and remanded for a new trial, holding that the trial court had erred in denying the plaintiffs challenge for cause as to one of the prospective jurors. On this certiorari review, Krupp Oil argues that because the plaintiff prevailed at trial, he could appeal only on the basis of a claim that the damages award was inadequate.
In the Court of Civil Appeals, the plaintiff Jackson argued that the trial court had erred in denying his challenge for cause as to prospective juror Dulcie Biggs. He contended that his argument as to the challenge of Biggs was an argument that the damages award was inadequate — he argued that the challenge directly related to the issue of damages. Specifically, the plaintiff argued that during voir dire examination prospective juror Biggs had made statements clearly indicating bias and prejudice regarding the amount of damages, specifically punitive damages, a jury should be allowed to award. Therefore, the plaintiff contended, the trial court committed reversible error in denying his challenge for cause as to this prospective juror.
During voir dire, Biggs had the following exchange with the plaintiffs attorney:
“MR. PRINCE: Let me state it differently. Of course, this is important to both sides in this lawsuit. Any member of the jury panel think that there should just be an automatic barrier in dollar amounts? In other words, I don’t care what the facts are, no verdict should ever be over, say, a hundred thousand dollars? A million dol *87 lars? In other words, is there any member of the jury panel that says there should be a barrier regardless of the facts and the law in the case?
“JUROR BIGGS: I think there should be a limit.
“MR. PRINCE: You do? All right. Let’s talk about that. What limit do you think it should be?
“JUROR BIGGS: Well, I have read accounts in the paper, millions of dollars that have been awarded, and I just think there has to be set a limit on that.
“MR. PRINCE: All right. And I am not disagreeing with you. I am just saying do you have an idea of what that limit should be?
“JUROR BIGGS: Well, no. I really don’t know how to say it, but it should be way under a million. It should be at least — it shouldn’t go over half a million.
“MR. PRINCE: All right....
“JUROR BIGGS: Maybe less than that.
“MR. PRINCE: All right. Let me ask you a couple of questions because I want to make sure you and I are on the same page.
“Most of the verdicts in the paper have been about punitive damages. Is that what you’re talking about? Punitive damages?
“JUROR BIGGS: (Nodded head in the affirmative.)
[[Image here]]
“MR. PRINCE: Let me give you an example and you tell ne what you’d do if you were a juror. Suppose you had a breach of contract ease that involved five million dollars and you found that the defendant breached the contract. Could you award five million dollars or would you say ‘No, that is just too high. I don’t care what the damages are, it’s going to be five hundred thousand’?
“JUROR BIGGS: Right. I would agree with that.”
(R.T. 26-29.)
The following conversation between Krupp Oil’s attorney and Biggs also occurred during voir dire:
“MR. HENDERSON: ... I have got to ask you one more question. He had asked the question about a breach of contract case and if it was just compensatory damages and it was like a contract for five million dollars, if that was — if you could render a verdict if the contract was for five million dollars and the plaintiff was entitled to that. You could do that, couldn’t you?
“JUROR BIGGS: Well, I — maybe I could. But I just think everything — I think that the prices are too high. I think something has got to give.”
(R.T. 75-76.)
When the prospective jurors were excused for lunch, Biggs remained in courtroom, and the following exchange occurred:
“JUROR BIGGS: I just wanted to know what — what would have to happen to change these enormous fees? An act of the legislature? To keep the fees from going higher arid higher and higher.
“MR. BOWRON: Well, I would like to answer.
“THE COURT: I will talk to you about that at church, Ms. Biggs.
“JUROR BIGGS: Okay.”
(R.T. 78-79.) The plaintiffs counsel challenged Biggs for cause, and the trial court denied the challenge.
The law is clear in Alabama that a party who prevails in the trial court can appeal only on the issue of the adequacy of the damages awarded. See Ex parte Weyerhaeuser Co., 702 So.2d 1227 (Ala.1996); see also DeBardeleben v. Tynes, 290 Ala. 263, 276 So.2d 126 (1973). In Weyerhaeuser, the plaintiff sought compensatory and punitive damages, alleging trespass to land. 702 So.2d at 1228. The trial court directed a verdict in favor of the plaintiff. Id. The jury awarded the plaintiff $35,000 in compensatory damages and $10,000 in punitive damages. Id. The plaintiff moved for a new trial and additur; the trial court denied the motion. Id. On appeal to the Court of Civil Appeals, the plaintiff raised two issues — whether the trial court abused its discretion in denying her challenges for cause as to three prospective jurors, and whether the trial court *88 abused its discretion in failing to set aside the jury’s punitive damages verdict and in denying a new trial. See the opinion of the Court of Civil Appeals, sub nom. Sewell v. Webb, 702 So.2d 1222 (Ala.Civ.App.1995). The Court of Civil Appeals reversed and ordered a new trial on the basis that the trial court had erred in denying the challenges for cause. 702 So.2d at 1227-28. On the defendants’ petition for certiorari review, we reversed, concluding that the Court of Civil Appeals should not have considered the issue regarding the juror challenges. 702 So.2d at 1228. We held that, because the plaintiff had prevailed at trial, she could not on appeal raise the question whether the trial court had erred in denying her challenges for cause. Id.
The plaintiff in this present case also prevailed in the trial court. He moved for a new trial, arguing that the jury’s award of damages was inadequate. However, the plaintiffs argument regarding the adequacy of the damages was premised on the contention that the court had abused its discretion in denying the plaintiffs challenges of prospective juror Biggs. In Weyerhaeuser, supra, we stated that the Court of Civil Appeals should not have considered whether the trial court had abused its discretion in denying the plaintiffs challenges for cause, because the plaintiff had prevailed at trial and a prevailing party “can appeal only on the issue of [the] adequacy of [the] damages awarded.” 702 So.2d at 1228. Therefore, in this present case we must conclude that the Court of Civil Appeals improperly considered the plaintiffs argument that the trial court erred in denying his challenge for cause as to prospective juror Biggs.
The judgment of the Court of Civil Appeals is reversed, and the case is remanded for that court to reinstate the judgment of the trial court.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, SEE, and LYONS, JJ., concur.